731 P.2d 951

**In the Matter of Sonia K. ROTH an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

No. 16772.

Supreme Court of New Mexico.

Jan. 26, 1987.

Virginia Ferrara, Chief Disciplinary Counsel, Albuquerque, for Board.

Sonia K. Roth, Albuquerque, no appearance.

## OPINION

PER CURIAM.

This matter is before this Court after disciplinary proceedings conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1985), wherein attorney Sonia K. Roth was found to have violated the Code of Professional Responsibility, NMSA 1978, Code of Prof.Resp. (Repl. Pamp.1985), by abandoning clients and neglecting legal matters entrusted to her. We adopt the Disciplinary Board's findings and conclusions but find that the Board's recommendation that Roth be allowed to assume inactive status would, under the circumstances, be impractical. We elect instead to adopt the Board's alternative recommendation that she be suspended indefinitely from the practice of law.

A specification of charges was filed against Roth on May 16, 1986, after her apparent failure to complete several cases, to take steps to insure that the interests of her clients were protected upon her withdrawal from their cases, and to promptly refund any unearned portions of fees paid in advance. In addition, the record indicates that Roth was uncooperative with disciplinary counsel. This conduct violates NMSA 1978, Code of Prof.Resp. Rules 1–101(C), 1–102(A)(5), 1–102(A)(6), 2–110(A)(2), 6–101(A)(3), 7–101(A)(1) and 9–102(B)(4).

Roth has shown no interest in these proceedings. She failed to file an answer to the specification of charges against her and did not appear at the hearing scheduled before the Board's hearing committee. The allegations against her were, therefore, deemed to have been admitted. NMSA 1978, Disc.Brd.P.R. 10(c) (Repl. Pamp.1985, as amended.) She also failed to appear at a hearing conducted by a panel of the Disciplinary Board and was not

present before this Court despite having received notice of both hearings.

The only explanation from Roth concerning her conduct is contained in a handwritten letter from her to disciplinary counsel, which is a part of the record before us. In her letter, Roth stated that she was "seriously depressed" and had decided to leave the legal profession and cease practicing law as soon as possible. She did not seek to have these proceedings delayed pursuant to the provisions of NMSA 1978, Rules Governing Discipline, Rule 13(c) (Repl. Pamp.1985).

It is obvious from the record that the hearing committee, the Disciplinary Board and disciplinary counsel were sympathetic toward Roth's apparent inability to appreciate the possible ramifications of her conduct. The hearing committee recommended that Roth be formally reprimanded, although it also found that the continued practice of law by Roth in her present emotional condition would constitute a danger to the public. A panel of the Disciplinary Board subsequently recommended that Roth be permitted to take inactive status (*see* NMSA 1978, Rules Governing Discipline, R. 3(d) (Repl.Pamp.1985)), or, in the alternative, be suspended indefinitely from the practice of law until she is able to demonstrate that her emotional problems have been corrected and that she is once again fit to resume the practice of law.

The committee and the Board found several factors in mitigation of Roth's conduct. She is a relatively inexperienced attorney and has no prior record of disciplinary complaints against her. There is nothing in the record to suggest that Roth was motivated by dishonesty or that any client was injured by her actions. Although not supported by competent testimony, the finding that Roth is apparently suffering from a depressive disorder is not disputed. We are also troubled by the implication that Roth may have been emotionally incapable of dealing with the pressures and demands of the practice of law and, if such is the case, sympathize with her inability to extricate herself in a more professional manner from a situation she found overwhelming.

On the other hand, we are cognizant of our obligation to the public. An attorney is a professional and may not capriciously meander in and out of the practice of law according to whatever whim seems most attractive at the moment. A person entrusting a legal matter to a lawyer licensed by this Court is entitled to have confidence that his or her attorney will handle the matter in a prompt and competent fashion. While the purpose of attorney discipline is not to punish the attorney, and while suspension may be viewed as somewhat harsh under the circumstances of this case, we see no other way of insuring that Roth will not resume the practice of law unless and until she is capable of doing so in a manner consistent with her obligations as a member of the bar of this state. To adequately insure that Roth's readmission to practice occurs only upon an appropriate demonstration of fitness, a reinstatement hearing will be essential. *See* NMSA 1978, Rules Governing Discipline, Rule 17–204 (Recomp.1986). There is no absolute requirement that such a hearing be held where an attorney on inactive status wishes to resume practice.

We also note that Roth's license to practice law is presently under suspension due to her failure to pay required fees and dues to the State Bar of New Mexico in 1986 and that she would need to be an attorney in good standing in order to seek inactive status. Given Roth's lack of interest in the instant case, we have no reason to believe that she would undertake the necessary steps to accomplish this.

IT IS THEREFORE ORDERED that Sonia K. Roth be, and she hereby is, suspended indefinitely from the practice of law pursuant to NMSA 1978, Rules Governing Discipline, Rule 11(a)(3) (Repl.Pamp.1985). Her readmission to the practice of law will be conditioned upon a showing that the emotional problems to which she admitted in letters to disciplinary counsel have been sufficiently overcome to permit her to engage in the active practice of law without

 

endangering the public, the reputation of the profession, or the administration of justice, and that she has paid the costs of this proceeding.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Sonia K. Roth from the roll of those persons permitted to practice law in New Mexico and that this Opinion be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports.*

Costs of this action in the amount of $145.00 are assessed against Roth and must be paid to the Disciplinary Board prior to any application for reinstatement.

IT IS SO ORDERED.

RANSOM, J., not participating.