742 P.2d 506

**In the Matter of Michael M. CARRASCO An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 17207.**

Supreme Court of New Mexico.

Sept. 10, 1987.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Board.

Michael M. Carrasco, Carlsbad, pro se.

**OPINION**

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to SCRA 1986, Rules Governing Discipline, wherein attorney Michael M. Carrasco was found to have committed numerous violations of NMSA 1978, Code of Prof. Resp. (Repl.Pamp.1985) (now SCRA 1986, Rules of Professional Conduct). We adopt the Disciplinary Board's findings and conclusions and approve its recommendation that Carrasco be suspended indefinitely from the practice of law.

Carrasco's misconduct involves neglect of clients and their cases. Carrasco was hired in June 1986 by James Mitchell and was paid a retainer of $450 to represent Mitchell in an employment dispute. Thereafter, Mitchell was unable to reach Carrasco despite repeated attempts. Carrasco took no action on behalf of Mitchell, and as a direct result of Carrasco's inaction, Mitchell's right to appeal his suspension from employment was forfeited. Mitchell subsequently demanded a refund of the fee paid, but received no response. In September 1986, Mitchell brought suit against Car-

rasco and was granted a default judgment due to Carrasco's failure to file a responsive pleading or otherwise appear to contest the proceedings. Only after two garnishment proceedings was Mitchell finally able to collect on the judgment.

In another case, Carrasco agreed to represent Joseph Jones (a resident of Tennessee), on a contingency basis for claims arising out of an automobile accident which occurred in New Mexico in October 1984. Jones heard nothing from Carrasco for some time, but finally managed to reach him in January 1986. At that time Carrasco stated that he needed written authorization to settle the claim. Jones promptly provided a letter to this effect. Another six months elapsed before Jones was able to contact Carrasco again. Phone calls and messages during this period were never returned or otherwise answered by Carrasco. In June 1986, Carrasco stated that he needed verification of Jones' employment prior to the accident. Jones then gave Carrasco his former employer's name and telephone number.

Jones' subsequent calls to Carrasco were never returned, and in August 1986 he wrote and requested a status report on his case. Carrasco telephoned Jones and said that he needed information concerning Jones' lost wages. Jones then sent the necessary information to Carrasco by certified mail. Hearing nothing from Carrasco, Jones called again in September. This time Carrasco stated that he could not initiate proceedings unless he were paid some money. Jones then sent Carrasco a check in the amount of $150, which Carrasco cashed on September 16, 1986. Thereafter, Jones heard nothing from Carrasco. There is nothing to indicate that Carrasco ever filed suit, and the statute of limitations on Jones' case will expire on October 21, 1987. Carrasco has repeatedly ignored requests to return Jones' file and the money, even though Jones discharged Carrasco in December 1986.

In a third case, Carrasco was paid $450 by Rumaldo Alvarado to handle a personal injury suit for Alvarado's son. On three separate occasions in the autumn of 1986, Carrasco advised Alvarado to take his son from Artesia to El Paso, Texas, where Carrasco had allegedly scheduled appointments for the son to see a neurologist. On none of these occasions had an appointment been made, and the doctor never received medical records or a retainer fee from Carrasco.

When one contracts with an attorney for legal services, he or she is entitled to expect that the attorney will take action of some sort. If more information is needed from the client in order to proceed, it is the attorney's responsibility to notify the client; it is not the client's responsibility to initiate all inquiries to the attorney in order to insure that essential steps are being taken. Furthermore, attorneys need to be cognizant of the fact that persons involved in litigation are frequently unfamiliar with the legal system and are anxious about the situation in which they are involved. It is within the scope of an attorney's obligations to a client to provide the information, advice, and reassurances necessary to allay unnecessary concerns that the client may have. Carrasco did none of these things and therefore violated NMSA 1978, Code of Prof.Resp. Rules 1–102(A)(4), 1–102(A)(5), 2–110(A), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), 7–101(A)(3) and 9–102(B)(4) (now SCRA 1986, 16–102, 16–103, 16–104, 16–115, 16–116, 16–302 and 16–804).

Carrasco's misconduct is compounded by his failure to respond to numerous letters from disciplinary counsel concerning these matters. When formal charges were initiated in accordance with the requirements of SCRA 1986, 17–309, Carrasco was personally served with a copy of the Specification of Charges and received notice of the hearing. Carrasco failed to file an answer or appear at the proceedings before the hearing committee, he did not request a hearing before the Disciplinary Board although advised of his right to do so, and failed to appear before this Court. Carrasco has totally ignored both the investigation and the proceedings against him. Such conduct violates NMSA 1978, Code of Prof.Resp.Rules 1–101(C) and 1–102(A)(5)

**296**

(now SCRA 1986, 16–803(D) and 16–804(D)).

Carrasco has exhibited a pattern of misconduct and has committed multiple offenses. He has not acknowledged the wrongful nature of his acts nor exhibited any remorse. Carrasco harmed his clients, yet apparently has been indifferent to making restitution or otherwise correcting the chaos created by his neglect; he has also obstructed these proceedings by his failure to cooperate. Further practice of law by Carrasco would present a danger to the public, to the reputation of the profession, and to the administration of justice. We see no alternative other than indefinite suspension.

IT IS THEREFORE ORDERED that Michael M. Carrasco be and hereby is suspended indefinitely from the practice of law pursuant to SCRA 1986, 17–206(A)(3), effective September 7, 1987. Reinstatement shall occur only after a hearing is conducted pursuant to SCRA 1986, 17–214(D). As a precondition to any petition for reinstatement, Carrasco is required to show that he has made restitution to Mitchell, Jones, and Alvarado of the fees paid to him. Carrasco must also show that he has returned Jones' file in a timely fashion, and that he has taken and passed the Multistate Professional Responsibility Examination. Carrasco should present evidence that he has overcome the problems preventing him from functioning as an attorney and that he has arranged to be supervised in his practice for a period of at least one year by a competent attorney approved by this Court.

IT IS FURTHER ORDERED that Carrasco file with this Court evidence of his compliance with all of the requirements of SCRA 1986, 17–212, on or before September 17, 1987, and that he serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Michael M. Carrasco from the roll of those persons permitted to practice law in New Mexico and that this ·opinion be published in the State Bar of New Mexico

*Bar Bulletin* and in the *New Mexico Reports.*

Costs of this action in the amount of $121.15 are assessed against Carrasco and are to be paid to the Disciplinary Board prior to any application for reinstatement.

IT IS SO ORDERED.