771 P.2d 182

**In the Matter of Carl M. SPARKS, an Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 17460.**

Supreme Court of New Mexico.

March 29, 1989.

**250**

Virginia A. Ferrara, Albuquerque, for Disciplinary Bd.

Carl M. Sparks, Albuquerque, pro se.

## OPINION

**PER CURIAM.**

This matter comes before the Court after two disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316, wherein attorney Carl M. Sparks was found to have committed multiple violations of the current Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805, and the former Code of Professional Responsibility, NMSA 1978, Rules 1–101 through 9–102. Pursuant to Rule 17–316(D), we adopt the Disciplinary Board's findings, conclusions, and recommendations with two modifications, and suspend Sparks from

the practice of law for an indefinite period of time in accordance with Rule 17–206(A)(3).

The original set of disciplinary charges in this matter evolved from four complaints. For our review, those charges were consolidated with a subsequent set of charges resulting from eight additional complaints.

In March of 1986, Sparks was retained by William Padilla to defend him and several others in a wrongful death case. Apart from entering his appearance, Sparks took no action and a default judgment was entered against his clients. While the judgment subsequently was set aside through the efforts of another attorney, Padilla and his co-defendants nonetheless were ordered to pay $1,250 in attorney fees to the plaintiffs.

Sparks' representation of David Martinez in a personal injury case resulted in a settlement of $14,500 in December of 1986. This amount was deposited in Sparks' trust account for disbursement to Martinez and to various medical care providers. While Martinez received his *pro rata* share of the settlement, the medical bills were never paid by Sparks. On March 2, 1987, Sparks' trust account had a balance of $2.07, and the records indicated that Sparks depleted the account by writing numerous checks payable to himself.

Many of the complaints leading to this disciplinary action evolved from Sparks' inaction and failure to communicate with clients in domestic relations matters. He accepted payments from Jacqueline Daughtry, Patricia Denton–Roley, and Roberta Baros–Garley, and either filed a pleading but took no further action or took no action at all. The efforts of each of these clients and several others to contact Sparks met with no success, and all were ultimately forced to retain other counsel to complete their cases.

In September of 1987, Sparks agreed to draft a will for Alice Brannon from whom he accepted a fee of $52.50. He provided neither a will, a refund, nor any explanation for his inaction.

Numerous other clients who had contracted with Sparks to handle cases on a contingency fee basis experienced similar problems between 1984 and 1987 and were unable to obtain their files until this Court summarily suspended Sparks in January 1988 pursuant to Rule 17-207(A). As part of that action, Sparks' files were inventoried by an attorney appointed in accordance with Rule 17-213(A), and only then were these clients able to resume their cases with new attorneys.

Sparks' behavior throughout the twelve cases reflected multiple examples of his incompetence, failure to abide by his clients' decisions concerning the objectives of his representation, lack of diligence, absence of reasonable communication regarding the status of the cases, retention of unreasonable fees when compared to the lack of results he obtained, failure to hold the funds of clients and third parties separate from his own, disorderly termination of his representation, lack of reasonable efforts to expedite litigation, knowingly disobeying the rules and orders of a tribunal, conduct prejudicial to the administratin of justice, and conduct that adversely reflects his fitness to practice law. Those actions violated SCRA 1986, 16-101, 16-102(A), 16-103, 16-104(A), 16-105(A), 16-115(A) and (B), 16-116(A) and (D), 16-302, 16-304(C), and 16-804(D) and (H), (formerly NMSA 1978, Code of Professional Responsibility Rules 1-102(A)(4), (A)(5), and (A)(6), 2-106(B), 2-110(A)(2), 6-101(A)(1) and (A)(3), 7-101(A)(1), (A)(2), and (A)(3), and 9-102(A) and (B)(3)).

During the protracted disciplinary proceedings related to these twelve cases, Sparks failed to give full cooperation to disciplinary counsel in violation of Rules 16-801(B) and/or 16-803(D). Sparks' conduct as related to these matters coupled with his lack of cooperation with bar counsel casts grave doubt upon his fitness to possess a license to practice law.

The Court, however, does note Sparks' previously unblemished record between 1973 when he originally was admitted to practice, and 1987 when these disciplinary problems became apparent. We also note the problems with depression that Sparks evidently was experiencing during the height of his disciplinary infractions and acknowledge his ongoing treatment at the Veteran Administration Hospital. As we have stated before, however, while the judicial and disciplinary systems are not bereft of compassion for troubled lawyers, this consideration must be tempered with the understanding that protection of the public must be predominant in our determination of these matters. *See In re Benavidez*, 107 N.M. 520, 760 P.2d 1286 (1988).

IT IS THEREFORE ORDERED that Carl M. Sparks be and hereby is suspended indefinitely from the practice of law pursuant to SCRA 1986, 17-206(A)(3), effective April 1, 1989.

IT IS FURTHER ORDERED that Sparks' reinstatement will not be automatic but shall occur only after a reinstatement proceeding conducted pursuant to Rule 17-214, wherein Sparks will have the burden of demonstrating that he possesses the requisite moral qualifications and is fit to resume the practice of law without detriment to the integrity and standing of the bar, the administration of justice, and the public interest. In addition, Sparks will be required to show that he has made restitution to William Padilla in the amount of $1,550.00 ($1,250.00 in attorney fees and $300.00 advanced to Sparks), restitution in the amount of $207.30 to Jacqueline Daughtry, restitution in the amount of $52.50 to Alice Brannon, restitution in the amount of $60.00 to Patricia Denton–Roley, and restitution in the amount of $50.00 to Roberta Baros–Garley.

IT IS FURTHER ORDERED that in lieu of reimbursing David Martinez in the amount of $4,708.90 that Sparks be required to fulfill the conditions in the promissory notes that he signed on December 6, 1988, in conjunction with the agreements that were negotiated by attorney Sasha Siemel on behalf of David Martinez, the University of New Mexico, and the New Mexico Medical Foundation.

IT IS FURTHER ORDERED that Sparks may not petition this Court for reinstate-

ment until he also has fulfilled the following conditions:

a) He has received a passing grade on the Multistate Professional Responsibility examination;

b) He has proved to the satisfaction of the Disciplinary Board and this Court that he is capable of managing client funds;

c) He has proved to the satisfaction of the Disciplinary Board and this Court that he is physically and emotionally capable of practicing law; and,

d) He has complied with the conditions set forth herein.

Any reinstatement must be followed by a period of probation during which time Sparks is to be supervised by a practicing attorney whose instruction will emphasize the proper management of a trust account.

In that Sparks was summarily suspended during January of 1988 and has already filed his evidence of compliance with all of the requirements of Rule 17–212, no further action with respect to said rule is needed at this time. Sparks' name was previously removed from the roll of those persons permitted to practice in New Mexico.

Costs in the amount of $2,352.05 are hereby assessed against Sparks and must be paid to the Disciplinary Board no later than June 15, 1989.

IT IS SO ORDERED.

STOWERS, SCARBOROUGH, RANSOM and BACA, JJ., concur.