775 P.2d 247

**In the Matter of James W. KLIPSTINE, Jr., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 18291.

Supreme Court of New Mexico.

June 2, 1989.

Reconsideration Denied June 22, 1989.

Virginia L. Ferrara, Albuquerque, for Disciplinary Bd.

Ernest L. Carroll, Artesia, for respondent.

## OPINION

PER CURIAM.

Upon motion for reconsideration, the opinion filed on May 4, 1989 is amended and this opinion is substituted therefore.

This matter is before the Court following disciplinary proceedings on two consolidated sets of charges conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316, wherein attorney James W. Klipstine, Jr., was found to have committed various violations of the current Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805, and the former Code of Professional Responsibility, NMSA 1978, Rules 1–101 through 9–102. We adopt the Disciplinary Board's findings, conclusions, and recommendation and suspend Klipstine from the practice of law for an indefinite period of time pursuant to Rule 17–206(A)(3).

The first set of charges in this matter arose out of a referral from the Honorable Stewart Rose, United States Bankruptcy Judge. During 1986 and 1987, Klipstine represented four debtors in bankruptcy proceedings and, after filing the initial petitions, thereafter failed to file the statements of financial affairs and/or schedules of debts and assets as required by the Bankruptcy Code. In each instance, orders to show cause as to why the petitions should not be dismissed for the debtor's failure to file the necessary statements and schedules were issued. In each instance, Klipstine responded by submitting to the Court what purported to be copies of the required documents bearing stamps indicating that they had been filed with the Clerk of the Bankruptcy Court in a timely fashion. No such documents had ever been filed, however, and the copies submitted by Klipstine were forgeries.

The hearing committee found that Klipstine had no knowledge that the documents were forged and concluded that his actions in this instance violated only SCRA 1986, 16–103 (formerly NMSA 1978, Code of Professional Responsibility, Rule 6–101(A)(3)). The Disciplinary Board panel, after a review of the record of proceedings and oral argument, found that Klipstine's denial of culpability in connection with furnishing the altered documents to the Bankruptcy Court was incredible and that he himself had altered the documents in order to avoid client protests and court sanctions "and for other reasons known only to him." The panel concluded that by submitting falsified documents to the Court, Klipstine also had engaged in conduct involving deceit and misrepresentation in violation of SCRA 1986, 16–804(C), and conduct prejudicial to the administration of justice in violation of SCRA 1986, 16–804(D).

The second set of charges against Klipstine arose out of his mishandling of a lawsuit in the United States District Court for client Don Gilchriest. In July 1987 Klipstine filed the lawsuit for Gilchriest against Gilchriest's former employer alleging wrongful termination of employment and breach of contract. Klipstine conducted no discovery at all and also failed to respond to motions by the defendants for production of certain documents which he had been given by Gilchriest. The defendants then filed a motion to compel discovery, to which no response was made. On January 28, 1988, the Honorable E.L. Mechem ordered the production of all documents and assessed $247.50 in attorney fees against Klipstine and his client. On February 3, 1988, when the documents still had not been produced, a second order compelling discovery was entered and an additional $492.50 in attorney fees assessed for a total assessment of $740.

Several weeks after the assessment of these penalties, Klipstine received a check in settlement of a worker's compensation claim he also was handling for Gilchriest. He withheld the amount of $739.38 from the money forwarded to Gilchriest, telling his client these funds were for "costs" in the federal litigation. Despite his client's requests, Klipstine never provided any ac-

counting of what "costs" had been incurred nor did he produce any evidence of payment of costs at the hearing in this matter. Additionally, Klipstine never advised Gilchriest of the attorney fees which had been assessed due to his failure to comply with discovery requests.

On February 16, 1988, when the defendants still had received no documents, they filed a motion for judgment on the pleadings or, in the alternative, summary judgment. Klipstine did not respond to this motion. The motion was renewed on March 11, 1988, alleging that Klipstine's failure to respond to the February 16 motion constituted contempt pursuant to local and Federal procedural rules. Again, there was no response from Klipstine. On April 28, 1988, Judge Mechem dismissed Gilchriest's case with prejudice for lack of prosecution. Klipstine received a copy of the order of dismissal on May 2, 1988.

Several weeks after his receipt of the order, Klipstine advised Gilchriest that a settlement could be anticipated in June or July. On June 9, 1988, however, he wrote to Gilchriest and advised his client that he would need to withdraw from the case because of a lack of time to give it the proper attention. He also stated in this letter that the withdrawal was "not a comment on the strength or weakness of your. case." Klipstine never advised Gilchriest that the case had been dismissed.

In this instance, Klipstine violated SCRA 1986, 16–101, 16–103, 16–104(A), 16–302, 16–304(C) and (D), and 16–804(C), (D) and (H). Additionally, during the investigation of these and other related complaints, Klipstine frequently failed to respond to requests for information, from disciplinary counsel in violation of SCRA 1986, 16–803(D).

Throughout these proceedings, Klipstine has acknowledged that he was neglectful of his cases but attributes this to an inability to turn away persons seeking legal assistance and a resulting oppressive case load. This situation was allegedly complicated by the loss of two associates, which left Klipstine in the position of a solo practitioner. While members of this Court are well aware of the demands of solo practice, a failure to keep one's case load within manageable proportions cannot and does not excuse the type of blatant neglect of cases exhibited by Klipstine. As we repeatedly have stressed, members of the public who entrust their legal problems to an attorney licensed by this Court have a right to expect competent assistance from that attorney. *See In re Carrasco*, 106 N.M. 294, 742 P.2d 506 (1987); *In re Roth*, 105 N.M. 255, 731 P.2d 951 (1987). Courts before which these attorneys practice, other attorneys with whom they come in contact, and other litigants also deserve to expect that rules of procedure will be observed and that their time will not be wasted by an attorney who is unable or unwilling to comply with these procedural rules.

It is apparent that when his practice became overly burdensome and he began neglecting cases and missing deadlines, Klipstine sought to avoid the consequences of his ineptitude by lying. Intentional dishonesty by an attorney will not be tolerated. Under the circumstances, we agree with the Disciplinary Board that a period of indefinite suspension is necessary.

IT IS THEREFORE ORDERED that James W. Klipstine, Jr., be and hereby is suspended indefinitely from the practice of law for a minimum period of one (1) year pursuant to SCRA 1986, 17–206(A)(3), effective immediately.

IT IS FURTHER ORDERED that Klipstine's reinstatement will not be automatic but will occur only after a reinstatement proceeding conducted pursuant to Rule 17–214, wherein Klipstine will have the burden of demonstrating that he possesses the requisite moral qualifications and is fit to resume the practice of law without detriment to the integrity and standing of the bar, the administration of justice, and the public interest. No application for reinstatement may be filed until a period of one (1) year from the effective date of suspension has elapsed and must be accompanied by a showing that Klipstine has reimbursed Don Gilchriest in the amount of $739.38 plus interest in the amount of fifteen percent

(15%) per annum beginning immediately on the effective date of Klipstine's suspension.

IT IS FURTHER ORDERED that if Klipstine is granted reinstatement to the practice of law, he will be placed on supervised probation for a period of one (1) year subject to the following terms and conditions:

1) He will accept instruction and supervision in the areas of law office management, accounting procedures, and procedural rules from an attorney to be appointed by this Court at the time of any reinstatement;

2) He will meet regularly with his supervisor and comply with all of his supervisor's directions, including accepting only those cases which his supervisor feels he has the time and expertise to handle in a prompt and competent fashion;

3) He will respond promptly to all requests for information from disciplinary counsel;

4) He will pay the costs assessed against him in this matter;

5) In accordance with the stipulation filed herein, he will account to client Beatrice Berrera and to disciplinary counsel for any monies expended by him for costs and expenses in Ms. Berrera's case and refund to Ms. Berrera any of the $800 advanced to him which was not utilized for this purpose; and

6) In accordance with the stipulation filed herein, the instruction he receives from his probationary supervisor and/or, if seen as necessary by the supervisor, from an accountant to be appointed by the Supreme Court (at Klipstine's expense) also will include proper trust account record keeping and management procedures. The supervisor and/or accountant must certify that Klipstine has demonstrated his ability to comply with such instruction, and within six (6) months of his satisfactory completion of said instruction, Klipstine will submit to and bear the expense of an unannounced audit of his trust account by an auditor selected by disciplinary counsel.

IT IS FURTHER ORDERED pursuant to SCRA 1986, 17–213(A) that Cas Tabor, Esq. be and hereby is designated to inventory all of Klipstine's open files and take such action as is deemed appropriate to protect the interests of the clients and of Klipstine. Any reasonable costs incurred by Mr. Tabor or by Klipstine's clients as a result of this suspension also will be assessed against Klipstine upon an appropriate showing and must be paid prior to any application for reinstatement.

IT IS FURTHER ORDERED that Klipstine shall file with this Court on or before *May 15, 1989*, evidence of his compliance with all of the requirements of SCRA 1986, 17–212 and serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of James W. Klipstine, Jr., from the roll of those persons permitted to practice law in New Mexico.

Costs in the amount of $2,852.42 are hereby assessed against Klipstine and must be paid to the Disciplinary Board in accordance with the terms outlined above.

IT IS SO ORDERED.

SOSA, C.J., and STOWERS, SCARBOROUGH, RANSOM and BACA, JJ., concur.