858 P.2d 857

**In the Matter of Larry N. SMITH, An attorney admitted to practice before the courts of the state of New Mexico.**

**No. 21155.**

Supreme Court of New Mexico.

Aug. 11, 1993.

tram, we do not determine whether Garcia was a dual agent for Moser and the seller of the property.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Larry N. Smith, pro se.

## OPINION

PER CURIAM.

This matter comes before the Court in a disciplinary proceeding conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316 (Repl.Pamp.1991), wherein attorney Larry N. Smith has been found to have committed multiple violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805 (Repl.Pamp.1991 & Cum. Supp.1992). Pursuant to Rule 17–316(D), we adopt the Disciplinary Board's findings of fact, conclusions of law, and recommendations and suspend Smith from the practice of law for an indefinite period of time, pursuant to Rule 17–206(A)(3). In addition, pursuant to Rule 17–214(B)(2), certain conditions are imposed that must be satisfied before consideration of any petition for reinstatement.

In the fall of 1989, Debra Hood retained Smith to represent her in a collection suit against three individuals to whom she had loaned money. Smith did not file suit until December of 1990 and then did not attempt to have the defendants served. The suit was dismissed in October of 1991 for lack of activity. Smith took no action to have the case reinstated. Throughout the time he represented Hood, Smith failed to communicate adequately with her about the status of her case.

In November of 1990, Smith was retained by Julie Riley to represent her in obtaining a divorce. Smith filed the petition and had summons issued, but did not attempt to have Riley's husband served with process. Nothing further happened in the case until July 16, 1991, when the court dismissed the case on its own motion for lack of activity. On August 14, 1991, Smith succeeded in having the case reinstated. Thereafter, Smith did nothing in the case. Throughout the time he represented her, Smith failed to communicate adequately with Riley. Riley repeatedly left messages for Smith, but was able to speak with him only a few times. On those occasions, Smith assured Riley he would take action in her case, but he did not.

In August of 1991, Jeannie Rodriguez retained Smith to represent her in obtaining a divorce. Smith filed the petition and obtained service on Rodriguez' husband. Thereafter, Smith did nothing. Specifically, Smith failed to take the steps necessary to obtain interim child support or a division of income. He did nothing to conclude the divorce. Rodriguez tried repeatedly to reach Smith by leaving messages on his answering machine, but her calls were not returned.

On June 18, 1991, Smith was suspended from the practice of law in New Mexico for non-payment of bar dues. He did not take steps to have his license reinstated at any time thereafter. While suspended, Smith filed the divorce petition on behalf of Rodriguez and also filed the motion to have Riley's divorce case reinstated.

Smith filed a response to the complaints of Riley, Rodriguez, and Hood in which he admitted neglecting each matter and advised that he was being treated for depression and desired to discontinue his law practice altogether. Smith then failed to respond to supplemental requests for information from disciplinary counsel. Disciplinary charges were filed against Smith on September 9, 1992. The charges were amended on November 19, 1992 to include the charge that Smith had practiced law while suspended.

Smith did not file an answer to the specification of charges, thus the charges were deemed admitted pursuant to SCRA 1986, 17–310(C). Pursuant to that same rule, a hearing was convened on January 15, 1993 to receive evidence in mitigation and aggravation and determine the hearing committee's recommendation to the Disciplinary Board. Smith appeared at the hearing and told the committee that, because of ongoing problems with depression, he did not believe he would ever seek to practice law again. He advised the committee that he

had closed his law practice, in part by making arrangements for his remaining divorce cases to be handled by another Santa Fe attorney. Smith did not contest the recommendation of disciplinary counsel that he be indefinitely suspended from the practice of law, with conditions for reinstatement.

The findings and recommendations of the hearing committee were adopted by the Disciplinary Board with modification to two of the recommended conditions for reinstatement. The decision of the Board panel was then reported to this Court. The recommended discipline of indefinite suspension can only be imposed by this Court. SCRA 1986, 17–206(A)(3).

We·agree with the findings of the hearing committee and Disciplinary Board that Smith violated SCRA 1986, 16–103 by failing to represent Riley, Rodriguez, and Hood with reasonable diligence and promptness; that ·he violated Rule 16–104 by failing to keep Riley, Rodriguez, and Hood reasonably informed of the status of their legal matters; that he violated Rule 16–803(D) by failing to cooperate with disciplinary counsel in the discharge of her duties; that he violated Rule 16–804(D) by engaging in conduct prejudicial to the administration of justice; and that he violated Rule 16–804(H) by engaging in conduct that reflects adversely on his fitness to practice law.

The more serious of these violations are Smith's failure to act diligently on behalf of his clients and his failure to communicate with them and keep them advised about their legal matters. These are among the most common complaints the public makes against members of the legal profession. The ABA Comment to Rule 16–103 notes that "no professional shortcoming is more widely resented than procrastination." It further notes that even if the client's interests are not adversely affected by a lawyer's lack of diligence, "unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness." The same is no less true of the lawyer's failure to keep his clients informed about their legal matters. Moreover, when the public's confidence in one lawyer is undermined, its confidence in the entire legal profession is similarly affected.

 A pattern of such conduct will not be tolerated by this Court, even if the violations occurred because the lawyer was ."emotionally incapable of dealing with the pressures and demands of the practice of law...." *In re Roth*, 105 N.M. 255, 256, 731 P.2d 951, 952 (1987). Standard 9.3 of the *ABA Standards for Imposing Sanctions*, Mitigation, provides that a mental disability can be considered in mitigation only if the respondent-attorney's recovery from the condition can be demonstrated by "a meaningful and sustained period of successful rehabilitation." This Court agrees.

 This should not be read as indicating a lack of understanding on the part of this Court for the stresses inherent in the practice of law and the toll those stresses can take upon a practitioner. This Court previously has noted, however, that its compassion for troubled lawyers "must be tempered with the understanding that protection of the public must be predominant in our determination of these matters." *In re Sparks*, 108 N.M. 249, 251, 771 P.2d 182, 184 (1989). In this case, Smith admits he still suffers from his mental disability, chronic depression. Smith testified that his counselor concluded that practicing law aggravates his depression. The condition cannot, therefore, be considered as a mitigating factor in imposing the appropriate discipline. A mental disability, such as depression, can only mitigate the discipline to be imposed if it can be demonstrated that the condition is no longer likely to result in harm to the public.

IT IS THEREFORE ORDERED that the findings of fact, conclusions of law, and recommendations of the hearing committee, along with the modifications requested by the Disciplinary Board, hereby are adopted and that Larry N. Smith is indefinitely suspended from the practice of law in New Mexico as of the 12th day of May, 1993.

IT IS FURTHER ORDERED that the following conditions shall be satisfied be-

fore any consideration of a petition for reinstatement:

1. Larry N. Smith shall demonstrate by competent expert testimony of a psychologist or psychiatrist that he is mentally fit and capable of engaging in the practice of law. Such psychologist or psychiatrist expert should be selected or approved by the Disciplinary Board to conduct the examination of Mr. Smith, and Mr. Smith shall pay for all costs in connection with such examination;

2. If Mr. Smith is granted reinstatement, he shall be placed under the supervision of an attorney licensed to practice in the State of New Mexico, who shall be approved and appointed by the Disciplinary Board to engage in supervisory activities over the work of Mr. Smith for a defined period of time as may be determined by the Disciplinary Board. Such practice of law shall be conducted under circumstances in which there is an adequate support staff and adequate calendaring system to monitor Mr. Smith;

3. Upon an application for reinstatement Mr. Smith shall take and successfully complete the multi-state ethics examination; and

4. Mr. Smith shall pay all costs incurred by the Disciplinary Board in this proceeding on or before December 31, 1993, with interest accruing at the rate of fifteen percent (15%) per annum on any balance unpaid as of that date.

IT IS FURTHER ORDERED that this opinion be published in the *New Mexico Reports* and the State Bar of New Mexico *Bar Bulletin.*

IT IS SO ORDERED.