858 P.2d 401

**In the Matter of Tom CHERRYHOMES. An attorney licensed to practice law before the courts of the state of New Mexico.**

No. 16153.

Supreme Court of New Mexico.

Aug. 17, 1993.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Gary C. Mitchell, Ruidoso, for respondent.

## OPINION

PER CURIAM.

This matter is before the Court for consideration of the Disciplinary Board's recommendations in two consolidated disciplinary proceedings. Both involve dishonest conduct by Tom Cherryhomes. The discipline recommended by the Disciplinary Board—indefinite suspension with conditions precedent to reinstatement—is determined to be appropriate.

The first proceeding began with a complaint from James Mackovich that Cherryhomes charged him an excessive fee. Mackovich retained Cherryhomes in December 1989 to defend him on state criminal charges, for a fee of $7,500. After bonding out on all state charges, Mackovich was held in the Eddy County jail on a federal detainer. Mackovich alleged that approximately one month later, a few days before he was released, Cherryhomes offered to defend him on the federal charges for an additional $7,500. Mackovich agreed and arranged to have the additional fee paid to Cherryhomes in cash.

What Mackovich did not know was that, at the time he agreed to the additional fee, the federal charges already had been dismissed, *sua sponte*, by the Assistant United States Attorney. Cherryhomes did nothing to bring about dismissal of the federal charges. The Assistant United States Attorney testified at the hearing on the Mackovich complaint that he had no contact with Cherryhomes concerning dismissal of the charges and that he did not know Cherryhomes was representing Mackovich at the time he dismissed the charges. The only action taken by Cherryhomes was to arrange to have a copy of the dismissal sent to Eddy County via telecopier. This occurred approximately one month after the charges were dismissed.

Throughout the investigation of the Mackovich complaint, Cherryhomes falsely represented to disciplinary counsel that he was responsible for the dismissal of the federal charges, and that he thereby earned the fee paid by Mackovich. At the hearing on the Mackovich complaint, Cherryhomes continued to maintain that he obtained the dismissal of the federal charges.

The hearing committee found that Cherryhomes charged an unreasonable fee in violation of SCRA 1986, 16–105(A), and, because he refused to refund the unearned fee, that he violated Rule 16–116(D) by failing to protect his client's interests at

the termination of the representation. The more serious violations found by the committee related to dishonesty: That Cherryhomes knowingly made false statements of material fact in connection with a disciplinary matter in violation of Rule 16–801(A) and that he violated Rule 16–804(C) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. The committee also found that Cherryhomes violated Rule 16–804(D) by engaging in conduct prejudicial to the administration of justice and Rule 16–804(H) by engaging in conduct that adversely reflects on his fitness to practice law. The committee recommended Cherryhomes be indefinitely suspended, that he make restitution to Mackovich in the sum of $7,500, and that he pay the costs of the disciplinary action.

The Mackovich case then was assigned to a panel of the Disciplinary Board for oral argument. At the request of Cherryhomes' counsel, Gary C. Mitchell, by whom Cherryhomes was represented after the Mackovich hearing, an order of continuance, remand, and consolidation was entered by the Board panel. The matter was remanded to the hearing committee for the purpose of receiving mitigating and aggravating evidence and argument on the appropriate discipline to be imposed.

Certain stipulated conditions also were contained in the remand order. Cherryhomes was to deposit the sum of $10,000 in the trust account of his attorney. This sum was intended to cover $7,500 for the recommended restitution to Mackovich, plus costs. Cherryhomes did not deposit the money as agreed.

It was further stipulated that Cherryhomes would receive a psychological evaluation and, if therapy was recommended, he would follow that recommendation. The initial psychological evaluation was conducted by Robert H. Walters, Ph.D., a psychologist selected by Cherryhomes and his attorney. He then was evaluated by William E. Foote, Ph.D., a psychologist selected by disciplinary counsel. Both psychologists recommended that Cherryhomes un-

dergo psychotherapy. Walters also recommended that Cherryhomes undergo a neurological evaluation because of a head injury he suffered in August 1991. Cherryhomes did not receive psychotherapy as agreed and did not undergo a neurological examination.

The remanded Mackovich case was consolidated with a second disciplinary matter, which arose out of Cherryhomes' application to practice law in the state of Arizona. As part of the application process, Cherryhomes was required to submit a certificate signed by a physician, stating that the physician had examined Cherryhomes and found him to be "mentally and physically able to engage in the active and continuous practice of law."

The physician's certificate submitted to the Arizona Bar by Cherryhomes was not signed by a physician. Instead, Cherryhomes forged the name of a physician, Dr. Ron Hoffman, on the form he submitted. Cherryhomes has admitted he forged the signature of Dr. Hoffman on the physician's certificate.

The hearing committee found that Cherryhomes knowingly made a false statement of material fact in connection with a bar admission application, in violation of SCRA 1986, 16–801(A), and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 16–804(C).

The committee also made conclusions of law concerning aggravation and mitigation. The committee concluded that Cherryhomes had a prior disciplinary record,[1] that he had engaged in bad faith obstruction of the disciplinary process by intentionally failing to comply with orders of the Disciplinary Board panel, and that he had committed multiple offenses.

The committee again recommended that Cherryhomes be indefinitely suspended, that he be ordered to make restitution to Mackovich in the sum of $7,500, and that he pay the costs of the action. In addition, the committee recommended that Cherry-

1. Cherryhomes was formally reprimanded in 1985 for three incidents involving physical and verbal abuse of participants in legal proceedings in which he was involved.

homes be required to take and satisfactorily complete the multi-state ethics exam, and that he proceed with the recommendation that he receive psychotherapy and undergo a neurological examination.

Thereafter, oral argument on the consolidated proceedings was heard by the Disciplinary Board. The Board adopted the findings and conclusions of the hearing committee with one reservation—that suspension from the practice of law would not be justified if the only issue was the excessive or unearned fee in the Mackovich matter. However, "the evidence of active misrepresentation to the Disciplinary Board and its counsel and to the admissions committee of the Supreme Court of the State of Arizona raise much more serious concerns of [Cherryhomes'] dishonesty. Those violations, whether taken by themselves or in combination with the other matters in the record, call for the suspension of [Cherryhomes] from the practice of law and other sanctions recommended by the hearing committee."

The Court always regrets the necessity of imposing discipline on attorneys, particularly those who have a reputation for working long and hard for their clients, as does Cherryhomes. Nonetheless, the Court finds the recommendations of the Disciplinary Board to be well taken. Cherryhomes clearly made false representations during the disciplinary process and his conduct in forging a physician's signature on the certificate of fitness required by the Arizona bar application process is reprehensible.

This Court previously has indicated that an attorney found to have engaged in intentional conduct involving dishonesty or misrepresentation is a strong indication that the person is unfit for membership in the bar. *In re Ayala,* 102 N.M. 214, 693 P.2d 580 (1984). "Intentional dishonesty by an attorney will not be tolerated." *In re Klipstine,* 108 N.M. 481, 483, 775 P.2d 247, 249 (1989); *see also In re Siler,* 106 N.M. 292, 742 P.2d 504 (1987) (attorney suspended indefinitely with conditions after forging names of co-tenants on warranty deed). Cherryhomes engaged in intentionally dishonest conduct, which shall not be tolerated, and such conduct strongly indicates that, at this time, he is unfit for membership in the State Bar of New Mexico.

IT IS THEREFORE ORDERED that, effective the 23rd day of December, 1992, Tom Cherryhomes be and hereby is indefinitely suspended from the practice of law in the State of New Mexico pursuant to the provisions of SCRA 1986, 17–206(A)(3) and 17–206(B)(1).

IT IS FURTHER ORDERED that Tom Cherryhomes shall make restitution to James Mackovich in the sum of $7,500 pursuant to SCRA 1986, 17–206(C).

IT IS FURTHER ORDERED that Tom Cherryhomes shall take and satisfactorily complete the multi-state ethics examination.

IT IS FURTHER ORDERED that Tom Cherryhomes shall comply with the recommendations of psychologist Robert W. Walters, Ph.D.:

that he enter psychotherapy to address his psychological problems; that he undergo neurological examination, including computerized tomography scan, to ascertain the extent of any brain injury suffered in an accident in August of 1991.

IT IS FURTHER ORDERED that the costs of this action, in the sum of $4,476.31, are assessed against Cherryhomes and should be paid to the Disciplinary Board no later than December 31, 1993. Interest of fifteen percent (15%) per annum will be assessed against any amount unpaid by that date until the costs are paid in full.

IT IS FURTHER ORDERED that reinstatement shall be upon application as provided in SCRA 1986, 17–214(B), upon proof of compliance with all of the above and foregoing terms of this order.

IT IS FURTHER ORDERED that this opinion be published in both the *New Mexico Reports* and the State Bar of New Mexico *Bar Bulletin.*

IT IS SO ORDERED.