889 P.2d 837

**In the Matter of Frederick D. JONES, Jr., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 22442.**

Supreme Court of New Mexico.

Feb. 10, 1995.

Christine E. Long, Deputy Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Richard B. McClarkin, Albuquerque, for respondent.

OPINION

PER CURIAM.

This matter came before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp.1991 & Cum.Supp.1994), in which attorney Frederick D. Jones, Jr., in accordance with an agreement for discipline by consent, admit-

ted to various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to –804 (Repl.Pamp.1991 & Cum.Supp.1994). We adopt the disciplinary board's recommendation and approve the agreement admitting allegations and consenting to discipline. Accordingly, pursuant to Rule 17–211(B)(1)(a), it is ordered that Jones be suspended from the practice of law pursuant to Rule 17–206(A)(2) for a period of two (2) years with the second year of suspension deferred upon a showing of Jones' compliance with the terms of the conditional agreement.

In late 1993 and early 1994, the office of disciplinary counsel received complaints against Jones from Maggie Ferrera of Caremore Chiropractic, Jonathan Meyers, and Claudia L. Wallace, who alleged that Jones had drafted checks on either his trust account or general office account, which were returned for insufficient funds.

When contacted about these complaints, Jones responded by stating that he not only used his general office account and trust account for personal transactions and commingled personal and client funds but also had no bookkeeping method to insure adequate funds to cover the checks drafted. When asked by disciplinary counsel to produce records required of attorneys maintaining trust accounts pursuant to the record-keeping requirements of Rule 17–204(A), Jones stated that he "did not keep the financial data required by 17–204 of the Rules Governing Discipline." Further investigation bore out Jones' statements that his accounting methods were essentially non-existent.

Jones not only failed to keep adequate accounting records of his trust and general office accounts, Jones admitted that he converted client funds for his own use. Jones alleged that all monies inappropriately used by him were returned. Due to the paucity of records, however, it was impossible for disciplinary counsel to completely verify his statement. Nonetheless, Jones was cooperative and desired to make restitution. Disciplinary counsel, therefore, was able to insure that clients of Jones who produced documentation to support their claims of monies owed were reimbursed. Jones admitted to having violated Rules 16–115(A) (safekeeping client property) and 16–804(H) (engaging in conduct reflecting adversely on ability to practice law).

Additional counts in the specification of charges arose from Jones' inaction on behalf of his clients. Willie Russell, Sr., and Robert A. Bartlett, who retained Jones on separate matters, each alleged that Jones failed to return telephone calls, supply requested updates on their cases, or take action on their cases despite his having been paid. Although repeated requests were made by disciplinary counsel, Jones was unable to produce any evidence that work was done on behalf of either Russell or Bartlett. Jones conceded that due to the tremendous volume of cases he was handling during the time period in question, it was difficult for him to communicate as often as he should have with clients.

In his representation of Russell and Bartlett, Jones violated Rules 16–101 (competence), 16–103 (diligence), 16–104(A) (communication), 16–105(A) (excessive fees), 16–804(D) (engaging in conduct prejudicial to administration of justice), and 16–804(H) (engaging in conduct reflecting adversely on ability to practice law).

The determination that Jones charged excessive fees was based upon the fact that he failed to perform any work, although the fee charged was reasonable for his services. *See* SCRA 1986, 16–105(A) (Repl.Pamp.1991) (a lawyer's fee "shall be reasonable"). Any fee is excessive when absolutely no services are provided. *See In re Martinez*, 108 N.M. 252, 771 P.2d 185 (1989). While it is not within the jurisdiction of the disciplinary board or the office of disciplinary counsel to regulate fees charged by attorneys, it is within their jurisdiction to enforce the Rules of Professional Conduct. Therefore, when the fee charged by an attorney is illegal (for example, a fee in excess of what is set by statute for some particular types of cases) or grossly excessive, as in this case, it is appropriate for the disciplinary board to take action.

The final count in the specification of charges resulted from Jones' inaction before this Court. On January 4, 1994, the office of

disciplinary counsel received a copy of a Motion to Reinstate Appeal and Motion to Appoint Public Defender Department on Appeal (hereinafter "Motion") from the chief clerk of this Court. The essence of the motion was that Jones had failed to ensure the forwarding of the record proper in a criminal case and, therefore, an order of dismissal for failure to perfect the appeal was filed. No response was filed by Jones.

■ Jones' only explanation to the office of disciplinary counsel regarding this allegation was that he had failed to designate the record for appeal due to inadvertence and carelessness. Jones was unable to give a detailed explanation of his failure to act, despite repeated requests from the office of disciplinary counsel. Ordinarily an isolated instance of neglect is not the basis for disciplinary action; however, Jones' failure to perfect the appeal in this case was only one of many complaints filed against him in a relatively short period of time, making disciplinary action appropriate.

Jones' conduct in this instance was violative of Rules 16–101 (competence), 16–103 (diligence), 16–804(D) (engaging in conduct prejudicial to administration of justice), and 16–804(H) (engaging in conduct reflecting adversely on ability to practice law).

■ It is apparent that Jones was having a great deal of difficulty managing his law practice. Although Jones' counsel indicated that Jones has a substance abuse problem, it was explained that while such problems are met with sympathy by the office of disciplinary counsel, the hearing committee members, the board members, and this Court, substance abuse problems are not to be viewed as a mitigating factor in the absence of a showing of a sustained period of successful rehabilitation. *See In re Smith,* 115 N.M. 769, 771, 858 P.2d 857, 859 (1993) (this Court's compassion for troubled lawyers is tempered with understanding that protection of public is predominant in ruling on disciplinary matters; disability can only mitigate discipline upon showing that condition "is no longer likely to result in harm to the public"). Jones was unable to demonstrate such a period of rehabilitation.

■ Once contacted by the office of disciplinary counsel, Jones made good faith efforts to cooperate. However, many of Jones' responses to the office of disciplinary counsel missed deadlines imposed by the disciplinary counsel even after Jones was represented by counsel. It is the duty of all attorneys, even those representing an attorney before the disciplinary board, to give full cooperation and assistance to not only this Court, but also the disciplinary board and its representatives. SCRA 1986, 16–803(D) (Repl. Pamp.1991). Deadlines imposed by disciplinary counsel or the Rules Governing Discipline are to insure that the disciplinary process moves as expeditiously as possible.

■ Jones filed an answer admitting the allegations against him and consented to discipline pursuant to Rule 17–211. The terms of the consent agreement were approved and recommended by the hearing committee to a panel of the disciplinary board, who, in turn, recommended approval by this Court.

NOW, THEREFORE, IT IS ORDERED that Frederick D. Jones, Jr., be and he hereby is, suspended from the practice of law for a period of two (2) years pursuant to Rule 17–206(A)(2), effective December 16, 1994.

IT IS FURTHER ORDERED that the imposition of the second year of suspension be deferred and that Jones be placed on probation pursuant to Rule 17–206(B)(1) for a period of one (1) year beginning December 18, 1995, on the following terms and conditions:

(1) Respondent shall meet with his supervisor, an attorney to be appointed by the office of disciplinary counsel at the time respondent is placed on probationary status, each time his supervisor requires him to do so, or at least on a monthly basis during the period of probation, to obtain instruction on maintaining appropriate trust account records required by Rules 16–115 and 17–204 and regarding caseload management and the practice of law generally;

(2) Respondent shall meet with a therapist (hereinafter "Counselor") each time his Counselor requires him to do so, or at least on a monthly basis during his suspension

and the probationary period, to address his substance abuse and any other issues identified by the Counselor;

(3) During the first year of suspension, respondent shall take five (5) hours of continuing legal education ("CLE") above the required number of CLE hours for licensed New Mexico attorneys regarding law office management and trust account management;

(4) Respondent shall successfully complete the Multistate Professional Responsibility Exam within the first year of suspension;

(5) Respondent shall prominently post the following notice in the reception area of the law office where he is practicing during the probationary period: "The law practice of Frederick D. Jones, Jr., is being supervised by *Supervising Attorney's name*, Telephone ——–——. Please feel free to call the Supervising Attorney if you have any questions regarding your representation.";

(6) At the discretion of disciplinary counsel, respondent shall submit to random drug testing at the request of respondent's supervisor, counselor, or disciplinary counsel during the entire period of suspension and probation; and

(7) Respondent shall observe all Rules of Professional Conduct and Rules Governing Discipline during his suspension and probationary periods.

Any failure by Jones to abide by the terms and conditions of his suspension and probation shall be brought to the attention of this Court by disciplinary counsel pursuant to Rule 17–206(G) and, if found to be in contempt of this Court's ruling, his probation may be revoked either before or during the probationary period, and other sanctions may be imposed.

Upon successful completion of the terms of the suspension and probation, respondent automatically shall be reinstated pursuant to Rule 17–214(B), but the probation shall not terminate until Jones complies with the terms of Rule 17–214(H).

IT IS FURTHER ORDERED that this opinion be published in the *Bar Bulletin* and *New Mexico Reports*.

In that no costs were incurred by the Disciplinary Board, no costs are assessed.

IT IS SO ORDERED.

/s/ Joseph F. Baca
Joseph F. Baca, Chief Justice

/s/ Richard E. Ransom
Richard E. Ransom, Justice

/s/ Gene E. Franchini
Gene E. Franchini, Justice

/s/ Stanley F. Frost
Stanley F. Frost, Justice

/s/ Pamela B. Minzner
Pamela B. Minzner, Justice