710 P.2d 731

**In the Matter of Torrence B. HARRISON, an Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 16090.**

Supreme Court of New Mexico.

Dec. 9, 1985.

Virginia Ferrara, Chief Disciplinary Counsel, Albuquerque, for disciplinary Bd.

Torrence B. Harrison, Albuquerque, pro se.

## OPINION

This matter having come before this Court after disciplinary proceedings conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.1985), wherein Attorney Torrence B. Harrison was found to have committed violations of nine (9) rules of the Code of Professional Responsibility, involving carelessness, negligence, invasion of a trust account and the failure to maintain appropriate records, the Court adopts the Disciplinary Board's findings and conclusions and accepts the Board's recommendation to place Harrison on indefinite suspension.

In September 1984, Harrison settled a medical malpractice case for his client, Ezekiel Gonzales. He sent Mr. Gonzales the $5,000 settlement check, asked his client to endorse and return the check to him, and promised to remit two-thirds of the amount to Mr. Gonzales as soon as the check had cleared. When Mr. Gonzales did not receive the two-thirds portion of the $5,000 settlement amount by early December 1984, and was unable to locate Harrison, he filed a complaint with the Disciplinary Board. Shortly after being contacted by disciplinary counsel, Harrison sent Mr. Gonzales a check for $3,500 and subsequently sent him an additional check in the amount of $573.34. In a letter responding to disciplinary counsel's inquiry, Harrison blamed the delay on changes in staff and office arrangements.

In the meantime, disciplinary counsel subpoenaed the bank records of Harrison's trust account for the period of October through December 1984. The records indicated that the Gonzales check had been deposited in the trust account on October 4, 1984, and that no other deposits had been made until mid-December. The balance in the trust account as of November 30, 1984, was $28.67. The bank records also showed that during this period Harrison had written forty-one (41) checks for his personal use to pay rent, buy groceries, dine at various restaurants and meet other personal expenses. These checks totaled $4,677.76.

Harrison filed no answer to the charges as specified before the Disciplinary Board and the allegations were deemed admitted by the Board pursuant to NMSA 1978, Disc.Brd. P.R. 10(c)(2) (Repl.1985). Harrison's conduct is violative of NMSA 1978, Code of Prof.Resp.Rules 1–102(A)(3), (4) and (6) 7–101(A)(3), 9–102(A), 9–102(B)(1), (3) and (4) (Repl.1985).

A hearing was conducted to consider facts in mitigation of Harrison's conduct and he appeared at that time. Harrison's response to the charges was that during

this same period, he was suffering from alcoholism and simply was not keeping any records of his accounts. He had no other bank account at the time and wrote checks on the trust account for his own use against the portion of the settlement check constituting his fee. He allegedly forgot that he had not forwarded Mr. Gonzales' money to him and because of his failure to maintain records did not realize that he had withdrawn his client's money as well as his own. When he did realize this, he borrowed money and sent it to Mr. Gonzales immediately. Harrison also stated that he had obtained some treatment for his alcoholism after this occurred, but he also admitted he had not become totally abstinent.

Of concern to the Disciplinary Board and this Court are the violations of NMSA 1978, Code of Prof.Resp., Rule 9–102. As a fiduciary, an attorney holds a position of trust and must segregate and keep meticulous records pertaining to all funds belonging to his clients. Even if Harrison had not invaded his client's funds, he would have still been in violation of this rule for his failure to promptly forward Mr. Gonzales his share of the settlement proceeds, comingling these funds, and his lack of any records regarding the money in this account.

Ordinarily, such misconduct would warrant disbarment. The hearing committee and the Disciplinary Board in this instance, however, found that Harrison's actions were mitigated by several factors. He had had no other complaints filed against him for any reason. He did not deny his misconduct and, as soon as he realized what had occurred, promptly took steps to forward to his client the money he was owed. There is also some evidence that Harrison's misconduct was directly related to his alcoholism. While none of these factors excuse this kind of unethical conduct, the Disciplinary Board may consider these matters when determining the type of sanction to be imposed. For this reason, the Court accepts the Disciplinary Board's recommendations in this case.

IT IS THEREFORE ORDERED that Torrence B. Harrison be and hereby is suspended indefinitely from the practice of law pursuant to NMSA 1978, Rules Governing Discipline, Rule 11(a)(3) (Repl.1985).

IT IS FURTHER ORDERED that should Harrison seek readmission to the practice of law pursuant to NMSA 1978, Rules Governing Discipline, Rule 19(b)(2) (Repl.1985), he must first file with this Court a petition and affidavits showing (a) that he is a recovering alcoholic and is participating in an Alcoholics Anonymous program on a regular basis or other approved alcohol treatment program on a regular basis (b) that he has taken and received a passing grade on the Multi-State Professional Responsibility Examination given in New Mexico, and (c) that if readmitted, he will be practicing law under the control and supervision of a member of the State Bar of New Mexico approved by the Disciplinary Board for a period of not less than one year.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court forthwith strike the name of Torrence B. Harrison from the roll of those persons permitted to practice law in New Mexico and that this Opinion be published in the *New Mexico Reports* and in the State Bar of New Mexico *News and Views*.

The costs of this proceeding in the amount of $345.67 are assessed against Harrison and must be paid to the Disciplinary Board on or before January 1, 1986.

IT IS SO ORDERED.

WILLIAM R. FEDERICI,
Chief Justice
DAN SOSA, JR.,
Senior Justice
WILLIAM F. RIORDAN,
Justice
HARRY E. STOWERS, Jr.,
Justice
MARY C. WALTERS,
Justice