735 P.2d 1147

**In the Matter of Larry Rey HILL an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

**No. 16713.**

Supreme Court of New Mexico.

April 22, 1987.

Randall D. Van Vleck, Deputy Chief Disciplinary Counsel, Albuquerque, for Bd.

No appearance for respondent.

## OPINION

PER CURIAM.

This matter is before this Court after disciplinary proceedings conducted pursuant to SCRA 1986, Rules Governing Discipline, wherein attorney Larry Rey Hill (Hill) was found to have violated the Code of Professional Responsibility by forging his client's name to a settlement check and absconding with her money, by charging a clearly excessive fee, and by failing to cooperate with the disciplinary board in its investigation. We adopt the Disciplinary Board's findings and conclusions and disbar Hill pursuant to SCRA 1986, Rules Governing Discipline, Rule 17–206(A).

In 1979, Hill was retained to represent Viola Warner in a suit involving the partition of real estate. A judgment was entered ordering sale of the land, and sale took place shortly thereafter.

In early May of 1981, Ms. Warner received a check for $32,026.20, representing her share of the proceeds from the sale of the land. Ms. Warner promptly returned the check to the attorney for the plaintiffs, thinking that if she did not negotiate the check she might be able to keep her land. The check was then sent to and received by Hill on behalf of Ms. Warner. Hill notified Ms. Warner of his receipt of the check and was subsequently advised by her not to cash it because she wanted to appeal the order of partition.

Without Ms. Warner's knowledge or consent, Hill forged her signature on and negotiated the check. Ms. Warner was later told by Hill that her check had been placed in the business account of the Sacramento Alternative School as an investment for which she would receive interest, but that the school had used $1,000 of the money for what Hill assured her was a "noble purpose." Ms. Warner was subsequently advised by Hill that $22,500 had been invested in a certificate of deposit in her name at Western Bank in Alamogordo and that Hill had the balance in his trust account. There was no certificate of deposit in Ms. Warner's name at Western Bank; by October of 1983, Hill had left the jurisdiction with the balance of Ms. Warner's money.

By forging Ms. Warner's signature to the check and absconding with her money, Hill violated NMSA 1978, Code of Prof. Resp.Rules 1–102(A)(3), 7–101(A)(3), 9–102(A), 9–102(B)(1), and 9–102(B)(4) (Repl. Pamp.1985).

While the appeal was pending, Hill distributed money to Ms. Warner which he represented was interest on the money he was supposedly holding for her. The money received by Ms. Warner was in fact a portion of the check that Hill fraudulently negotiated. This conduct violated NMSA 1978, Code of Prof.Resp.Rule 1–102(A)(4) (Repl.Pamp.1985).

On October 12, 1983, Hill sent Ms. Warner what purported to be an accounting. The "accounting" notified Ms. Warner (for the first time) that her check had been negotiated and that the "interest" she had been receiving had in fact been the principal of her own money. The accounting also noted that Hill had charged Ms. Warner an additional $2,000 in legal fees for prosecuting her appeal. Hill was employed and paid by Southern New Mexico Legal Services at the time, and Ms. Warner qualified for free legal services from that organization. This "accounting" was prepared two years after he forged Ms. Warner's name on the check and only after numerous requests for an accounting from Ms. Warner and her daughter, Alberta Silva. This conduct violated NMSA 1978, Code of Prof.Resp.Rules 2–106(A) and 9–102(B)(3) (Repl.Pamp.1985).

On April 16, 1986, an Otero County Grand Jury indicted Hill on criminal charges arising out of this conduct. Ms. Warner testified before the Grand Jury and was scheduled to testify at Hill's trial. Just prior to the Grand Jury proceedings, Hill appeared at Ms. Warner's home and offered to pay her between $1,000 and $10,000 if she would agree to "get the D.A. off my back" and not pursue criminal charges and/or testify against him. This conduct violated NMSA 1978, Code of Prof.Resp.

Rule 7–109(B) (Repl.Pamp.1985). Hill was subsequently acquitted by a jury of the criminal charges against him; however, this fact does not mandate an abatement of disciplinary proceedings. *See* NMSA 1978, Disc.Brd.P.R. 6 (Repl.Pamp.1985).

Hill was served copies of the Specification of Charges and Notice and Designation of Hearing Committee by certified mail to his address of record on file with the Clerk of the Supreme Court of the State of New Mexico on May 20, 1986. He failed to file an answer to the Specification of Charges against him and did not appear at the hearing before the Board's hearing committee or before this Court despite having received notice of both hearings. The allegations were, therefore, deemed to have been admitted. NMSA 1978, Disc.Brd.P.R. 11(c) (Repl.Pamp.1985, as amended). Additionally, this conduct violates NMSA 1978, Code of Prof.Resp.Rule 1–101(C) (Repl. Pamp.1985). Hill's cumulative conduct in this matter violated NMSA 1978, Code of Prof.Resp.Rules 1–102(A)(5) and 1–102(A)(6) (Repl.Pamp.1985).

Because of Hill's steadfast refusal to appear before the Board's hearing committee or before this Court, there is no evidence of any mitigating circumstances. On the contrary, Hill's conduct seems to be the product of dishonest and greedy motives. He not only failed to take reasonable steps to protect his client's interests, but in fact exploited his client's naivete. Such conduct by an officer of the court is despicable. This Court demands and the people of the State of New Mexico deserve a higher standard of conduct among persons granted the privilege of practicing law in this state.

IT IS THEREFORE ORDERED that Larry Rey Hill be and is disbarred from the practice of law pursuant to SCRA 1986, Rules Governing Discipline, Rule 17–206(A)(1).

IT IS FURTHER ORDERED that Hill file with this Court on or before May 2, 1987, evidence of his compliance with all the requirements of SCRA 1986, Rules Governing Discipline, Rule 17–212.

IT IS FURTHER ORDERED that full restitution be made to Viola Warner before any petition for reinstatement be considered by this Court.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Larry Rey Hill from the roll of those persons admitted to practice law in New Mexico and that this Opinion be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports*. Costs of these proceedings in the amount of $190.42 are hereby assessed against Hill and must be paid to the Disciplinary Board prior to any application for reinstatement.

IT IS SO ORDERED.

SOSA, Senior Justice, not participating.