742 P.2d 504

**In the Matter of Roma SILER An Attorney Admitted to Practice before the Courts of the State of New Mexico.**

**No. 16584.**

Supreme Court of New Mexico.

Sept. 10, 1987.

Randall D. Van Vleck, Deputy Chief Counsel, Albuquerque, for Board.

Roma Siler, Taos, pro se.

## OPINION

PER CURIAM.

This matter is before the Court pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1985) (now SCRA 1986, Rules Governing Discipline) wherein attorney Roma Siler was found to have committed violations of NMSA 1978, Code of Prof. Resp. (Repl.Pamp.1985) (now SCRA 1986, Rules of Professional Conduct) by engaging in conduct involving dishonesty, fraud, deceit and misrepresentation and by engaging in other conduct which adversely reflects on her fitness to practice law. We adopt the Disciplinary Board's findings, conclusions and recommendation.

At all times material to these proceedings, Roma Siler (Siler), together with Deborah Labrum James (James) and Omar C. Olivas (Olivas) were owners of an undivided interest in a tract of real estate located in Red River, New Mexico. In April 1986, Siler negotiated with Mr. and Mrs. Gerald Janert concerning a possible sale of the property. Siler received an offer from the Janerts and conveyed the offer to Olivas, who, through counsel, advised Siler that he was not interested in selling the property. Contemporaneously, Siler approached James and informed her of the Janert's offer. Likewise, James expressed her unwillingness to sell the property.

Despite being advised by her co-tenants of their unwillingness to sell the property, Siler signed the names of James and Olivas to a warranty deed conveying title to the Janerts. Siler did not have the authority to sign the names of Olivas and James and after signing the names to the warranty deed, Siler caused Vicki Thady (a notary public) to falsely acknowledge the signatures. That same day Siler exchanged the warranty deed with Janert for the sum of $12,500, which sum was placed in Siler's trust account.

By forging the signatures of Olivas and James on a warranty deed and exchanging that deed for money and by causing a notary public to falsely acknowledge the forged signatures, Siler violated NMSA 1978, Code of Prof.Resp. Rules 1–102(A)(4) and 1–102(A)(6) (now SCRA 1986, 16–804(C) and 16–804(H)).

Siler said severe financial problems and alcoholism contributed to her conduct. This Court has previously stated in *Matter of Harrison*, 103 N.M. 537, 710 P.2d 731 (1985) that such factors may be considered, but do not excuse unethical conduct. Although citing financial difficulties and alcoholism as mitigating factors, Siler failed to demonstrate any correlation between her financial situation, her alleged alcoholism and her unethical and dishonest conduct; neither the hearing committee nor the Disciplinary Board made such a finding, and we reject Siler's contention. Siler's actions were motivated by her desire for readily available sums of money, she paid no attention to the rights of her co-tenants or to the various avenues of legal relief available to her. Siler's conduct was not only unethical, but also illegal. We therefore suspend her license to practice law.

IT IS THEREFORE ORDERED that Roma Siler be and hereby is suspended from the practice of law for a period of three years pursuant to SCRA 1986, 17–206(A)(2) commencing on September 14, 1987.

IT IS FURTHER ORDERED that Siler shall not be permitted to apply for readmission, regardless of the elapsed time, until she has shown that the following conditions are fulfilled:

1. That she has taken and passed the Multistate Professional Responsibility Examination;

2. That she has successfully completed an alcoholic treatment program and that such treatment center certifies to the Disciplinary Board that she is able to resume her responsibilities as an attorney; and

3. That she had paid the costs assessed against her in this matter.

IT IS FURTHER ORDERED that Siler shall file with this Court evidence of her compliance with all of the requirements of SCRA 1986, 17–212 within ten days of the entry date of this Order (on or before September 24, 1987) and that she serve a copy of her affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Roma Siler from the roll of those persons permitted to practice law in New Mexico and that this opinion be published in the State Bar of New Mexico *Bar Bulletin* and in the *New Mexico Reports.*

Costs of this action in the amount of $1,034.68 are assessed against Siler and are to be paid to the Disciplinary Board in eighteen monthly installments of $57.48 payable on or before the 15th of every month commencing in September 1987.

IT IS SO ORDERED.

WALTERS, J., not participating.