772 P.2d 1301

**In the Matter of Robert J. WILSON, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 17799.**

Supreme Court of New Mexico.

May 1, 1989.

## OPINION

**PER CURIAM.**

This matter is before the Court after disciplinary proceedings conducted pursuant to Rules Governing Discipline, SCRA 1986, 17–101 through 17–316, wherein attorney Robert J. Wilson has agreed not to contest allegations that he engaged in various acts of serious misconduct and has consented to disbarment. We agree that disbarment is the appropriate sanction in this case and adopt the Disciplinary Board's recommendation that the agreement be accepted.

Between June 1987 and February 1988, Wilson stole approximately $62,500 from various clients by forging his clients' names on settlement checks and withdrawal slips on accounts maintained by clients or, in one instance, pocketing a cash payment made to him on behalf of a client. On occasion he deposited the stolen funds into his attorney trust account and then wrote checks from that account to himself or his girlfriend/secretary Melvina McDonald; on other occasions he by-passed this formality and either purchased cashier checks payable to himself or simply kept the money. Some of the money stolen from one client was used by Wilson to reimburse another client whose money he had previously stolen. We do not, however, find this to be a mitigating factor.

Wilson's dishonest conduct during this period violated SCRA 1986, 16–115 and 16–

804(C) and casts grave doubts upon his fitness to practice law in violation of SCRA 1986, 16–804(H).

We note from the record that Wilson has simultaneously been prosecuted for these and other similar actions and that he has been found guilty of several crimes and sentenced in the Eleventh Judicial District. (Cause No. CR 88–76–1) This fact, coupled with Wilson's agreement not to contest the allegations in the Specifications of Charges, justifies a finding that Wilson has committed criminal acts that reflect adversely upon his honesty, trustworthiness, and fitness as a lawyer in violation of SCRA 1986, 16–804(B).

Even absent a criminal conviction, the sanction of disbarment would be the only conceivable disposition under the circumstances of this case. Whenever an attorney utilizes the presumption of trustworthiness conferred upon him by virtue of our granting him a license to practice law to enable himself to steal from the very persons who entrust their cases and their money to him, that person will no longer be permitted to be a member of the bar of this state.

IT IS THEREFORE ORDERED that Robert J. Wilson be and hereby is disbarred from the practice of law pursuant to Rule 17–206(A)(1) effective immediately.

IT IS FURTHER ORDERED that regardless of whether three (3) years have elapsed from the effective date of disbarment, Wilson may under no circumstances petition this Court for permission to apply for reinstatement unless he has been fully released from parole and has complied with all other terms of the sentence imposed in the criminal case, including the making of full restitution to all persons injured by his crimes.

In that Wilson was summarily suspended by this Court on July 8, 1988, his name has already been stricken from the roll of attorneys licensed to practice law in this state. Additionally, he has previously complied with the requirements of Rule 17–212.

Costs of this action in the amount of $16.02 are assessed against Wilson and should be paid to the Disciplinary Board on or before June 30, 1989.

It Is So Ordered.