782 P.2d 1348

**In the Matter of Michael D. C'DE BACA, Esq., An Attorney Admitted to Practice before the Courts of the State of New Mexico.**

No. 18460.

Supreme Court of New Mexico.

Nov. 22, 1989.

Virginia Ferrara, Chief Disciplinary Counsel, Charles A. Wyman, Deputy Disciplinary Counsel, Albuquerque, for Board.

Michael D. C'de Baca, Albuquerque, pro se.

## OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316 (Repl. Pamp.1988 & Supp.1989), wherein attorney Michael D. C'de Baca was found to have committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805 (Repl.Pamp.1988). We adopt the Disciplinary Board's findings of fact, conclusions of law and recommendations for discipline.

In early 1986, C'de Baca met Mrs. Mary Frampton during church activities and subsequently agreed to prepare a will for her. In the course of this representation, he learned that Mrs. Frampton recently had been widowed and that she had bank certificates of deposit (CDs) totaling more than $100,000 which represented the proceeds of her deceased husband's life insurance policy. Mrs. Frampton used the interest earned on these deposits to make the mortgage payments on her home.

A few months after Mrs. Frampton's will was completed, C'de Baca approached her and recommended that she invest in his personal business venture for which he and other nonlawyer partners were attempting to raise capital. C'de Baca promised almost immediate returns on her investment with high earnings. He failed to advise her of the risks involved and failed to advise her to seek independent counsel.

Based on C'de Baca's advice over the next several months, Mrs. Frampton used her CDs as collateral to borrow several times from her bank and make several loans to C'de Baca for his business ventures in gold ore processing and a private pay-phone company. On all but one occasion C'de Baca prepared a promissory note to her signed by himself and his partners. These notes, however, did not provide for interest and did not protect Mrs. Frampton in the event of default. During the preparation of the promissory notes, C'de Baca was representing his partners as their attorney but failed to disclose this fact to Mrs. Frampton. She trusted C'de Baca as her friend and attorney and believed her investments were safe. After exhausting her ability to borrow against her savings, Mrs. Frampton lastly agreed to take out a loan on a car for which she held clear title and to give the proceeds to C'de Baca in exchange for another deficient note which consisted of the business partners' promise to make the monthly car loan payments.

C'de Baca and his partners never made a payment on any of their notes to Mrs. Frampton, except that they did make the car payments. As a result of their defaults, she was unable to repay her own bank loans and could not make her mortgage payments. She subsequently lost her home in foreclosure proceedings. Upon consultation with another attorney, Mrs. Frampton filed a civil suit in Bernalillo County District Court for "debt and money due, conspiracy and fraud." After a bench trial, she was granted judgment against C'de Baca for compensatory damages totaling $94,069.82 and punitive damages of $75,000, with statutory interest.

This judgment, filed on February 1, 1989, included a specific finding that C'de Baca had defrauded Mrs. Frampton. Twenty days later, C'de Baca appeared before a hearing committee on an unrelated disciplinary charge alleging that he had lied under oath at his own deposition during his personal bankruptcy proceedings. We note that for this and other misconduct which he admitted, C'de Baca was suspended for a period of six months, effective July 1, 1989. However, despite the February 1st judgment, C'de Baca told the committee members on February 21, 1989, that Mrs. Frampton's judgment did not involve a finding of fraud. After the filing of disciplinary charges in the present matter, C'de Baca failed to file an answer or appear at the committee hearing set for July 13, 1989, for consideration of any aggravating or mitigating circumstances.

Accordingly, with regard to his conduct towards Mrs. Frampton, we conclude that C'de Baca violated the following Rules of Professional Conduct: (1) Rule 16–109(B) in that he wrongfully used information relating to his former representation of Mrs. Frampton to her disadvantage and consequent financial ruin; (2) Rule 16–801(A) in that he knowingly made a false statement of material fact to the hearing committee when he stated that Mrs. Frampton's judgment did not involve a finding of fraud; (3) Rule 16–804(C) in that he engaged in conduct involving dishonesty or misrepresentation in his dealings with Mrs. Frampton; (4) Rule 16–804(D) in that he engaged in conduct that is prejudicial to the administration of justice; and (5) Rule 16–804(H) in that he engaged in conduct that adversely reflects on his fitness to practice law.

The present disciplinary matter also included charges unrelated to Mrs. Frampton's case. Dr. Joe L. Kast complained in April 1989 that C'de Baca failed to pay him certain funds which reportedly were withheld for him from the settlement funds of three of C'de Baca's clients, who were also Dr. Kast's patients. Those clients were Sonia DeLeon, Noel Chavez and Juanita Chavez. The total amount allegedly withheld by C'de Baca for payment to Dr. Kast was $2,630.

After many unsuccessful attempts, Dr. Kast, in March 1989, finally reached C'de Baca, who told him that he already had spent those particular funds but would be able to pay the amount owed as soon as he received money in another settlement. C'de Baca never paid him, however, and when Dr. Kast complained to the disciplinary authorities, C'de Baca failed to respond to the Board's inquiries. As noted earlier, C'de Baca failed to answer these disciplinary charges or appear before the hearing committee.

In connection with Dr. Kast's complaint, we conclude that C'de Baca violated the following Rules of Professional Conduct: (1) Rule 16–115(A) in that he failed to hold his clients' funds separately from his own and failed to appropriately safeguard such funds; (2) Rule 16–115(B) in that he failed to promptly notify a third person, Dr. Kast, of his receipt of the funds in which Dr. Kast had an interest, and he failed to promptly deliver the funds Dr. Kast was entitled to receive; (3) Rule 16–115(C) in that he failed to keep the funds belonging to another separately, when both he and another person claimed an interest in those funds, until there was a proper resolution or severance of those interests; (4) Rule 16–803(D) in that he failed to give full cooperation and assistance to the Disciplinary Board and its counsel in discharging their respective functions and duties with respect to discipline and disciplinary procedures; (5) Rule 16–804(C) in that he engaged in conduct involving dishonesty; (6) Rule 16–804(D) in that he engaged in conduct prejudicial to the administration of justice; and (7) Rule 16–804(H) in that he engaged in conduct that adversely reflects on his fitness to practice law.

In the past C'de Baca has received a formal reprimand as well as the suspension previously noted. In the present matter it is apparent that C'de Baca engaged in a pattern of misconduct including false testimony, fraud, dishonesty, misuse and conversion of client funds, breach of fiduciary duties, and other conduct prejudicial to the administration of justice. Such misconduct demonstrates that C'de Baca is not fit to practice law in this state.

IT IS THEREFORE ORDERED that Michael D. C'de Baca be and hereby is disbarred pursuant to SCRA 1986, 17–206(A)(1).

IT IS FURTHER ORDERED that Michael D. C'de Baca not be permitted to apply for reinstatement pursuant to SCRA 1986, 17–214(A), for a minimum period of three years and not until he has furnished proof to the Disciplinary Board of the following: (1) full satisfaction of the civil judgment in favor of Mrs. Mary Frampton including the statutory interest thereby awarded, (2) full restitution to Dr. Joe L. Kast, and (3) payment of all costs assessed in this case.

IT IS FURTHER ORDERED that as of October 25, 1989, the Clerk of the Supreme Court shall strike the name of Michael D. C'de Baca from the roll of those persons permitted to practice law in New Mexico.

IT IS FURTHER ORDERED that the discipline hereby imposed shall be published in *New Mexico Reports* and the *Bar Bulletin* and shall be filed in the Office of the Supreme Court Clerk pursuant to SCRA 1986, 17–206(D).

The costs of these proceedings assessed against C'de Baca are in the amount of $357.92.

IT IS SO ORDERED.