808 P.2d 612

**In the Matter of Mike L. BENAVIDEZ, An Attorney Suspended from Practice Before the Courts of the State of New Mexico.**

**No. 17725.**

Supreme Court of New Mexico.

March 27, 1991.

Vici H. Taus, Deputy Disciplinary Counsel, Albuquerque, for Board.

Mike L. Benavidez, Albuquerque, pro se.

## OPINION

### PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp. 1988 & Cum.Supp.1989), in which suspended attorney Mike L. Benavidez, in accordance with an agreement for discipline by consent, admitted to various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl.Pamp.1988). Pursuant to Rule 17–211(B)(1)(a), we approve and adopt the Disciplinary Board's acceptance of Benavidez' Admission, Stipulations of Fact, and Agreement to Sanction (Agreement) filed in this matter.

The scope of the Agreement includes two consolidated Specifications of Charges, the most recent of which evolved from criminal cases in which Benavidez was the defendant. Pursuant to an April 1990 plea of no contest in Cause No. 89–00948 before the District Court, Benavidez was convicted of two counts of the felony of aggravated assault with a deadly weapon, pursuant to NMSA 1978, Section 30–3–2(A) (Repl.Pamp. 1984). Pursuant to a November 1989 plea of no contest in Cause No. 88–49 before the District Court, he was convicted of the crime of embezzlement NMSA 1978, Section 30–16–8 (Repl.Pamp.1984). The embezzlement conviction also was a felony.

Benavidez admitted to violation of Rule 16–804(H) for the aggravated assault conviction and he admitted to violations of Rules 16–804(B) and (H) for the embezzlement conviction. He also agreed that precedent, policy, and the fact of his felony convictions mandated a recommendation to this Court for his disbarment.

The second set of the consolidated Specifications of Charges evolved from complaints filed by five former clients and an arrest for shoplifting at Sears in Albuquerque during March of 1989.[1] The clients' complaints contained fee disputes which ranged from a $300 payment for an uncontested divorce to over $12,000 paid for defense on an open charge of murder. Benavidez admitted to violations of Rule 16–804(H) with regard to the second set of disciplinary charges, and he also agreed that the shoplifting indictment, in and of itself, warranted a recommendation to this Court for disbarment.

Also before us are two matters in which disciplinary charges were not filed, but nevertheless are part of the Agreement. Benavidez has chosen formally to assume the responsibility for medical bills that were sent to two former clients who filed disciplinary complaints subsequent to his suspension from practice. The clients alleged that Benavidez wrongfully had retained settlement money which they thought had been forwarded to medical providers. Seven hundred fifty dollars was owed in one matter and $2,200 in the other matter. Benavidez has promised to write letters of apology to the former clients whose disciplinary complaints evolved into this matter before us. The letters also will document his intention to begin restitution payments of monies owed.[2]

Benavidez is no stranger to this Court. *See In re Bevavidez*, 107 N.M. 520, 760 P.2d 1286 (1988) (indefinite suspension). In that matter we expressed our concern with Benavidez' substance abuse problems that existed during the period in which the disciplinary infractions occurred (1985–1987).

---

1. Benavidez was indicted for shoplifting and the charge was pled out prior to the aggravated assault plea.

2. The clients and the restitution amounts are: Truet and Maggie Burkham ($6,171.66 plus interest); Harry Griffin, Vance Causey, and family ($4,000.00); Buel and Shirley Adkins ($2,500.00); Cruz Perales ($300.00); Arturo and Elodia Fernandez (as per the pending Final Order in Cause No. 89–687); Hani Mansoor (assumption of responsibility for medical bills in the amount of $750.00); and Miguel Castillo (assumption of responsibility for medical bills in the amount of $2,200.00).

Since that time, Benavidez' abuse of alcohol has persisted. We note and concur with language in the current Agreement which states that if he is *ever* going to petition this Court for reinstatement, his sincere and serious efforts at rehabilitation and treatment for alcoholism must continue.

Benavidez has harmed his clients, he has broken the law, and he has failed to realize what was once a significant potential. We agree that his conduct is violative of Rules 16–804(B) and (H), and we agree that disbarment is appropriate.

NOW, THEREFORE, IT IS ORDERED that Mike L. Benavidez' indefinite suspension be revoked and that he be disbarred from the practice of law.

IT IS FURTHER ORDERED that Mike L. Benavidez may not petition this Court for reinstatement until he has fulfilled the following conditions:

a) Write letters of apology and implement intentions to pay restitution to the aforementioned clients;

b) Remain sober and remain continuously active in Alcoholics Anonymous, or a similar program, during the entire period of disbarment;

c) Fully discharge all the conditions previously imposed by this Court in our order in Cause No. 17,725;

d) Fulfill annually the MCLE requirements imposed on members of the Bar in good standing, during the period of disbarment, or in the alternative, retake and pass the entire New Mexico Bar Examination including MBE and the MPRE;

e) Pay costs in the amount of $437.50 in the current matter on or before May 27, 1991; and

f) Pay the balance of $4,429.71 from costs assessed in Cause No. 17,725 prior to filing any petition for reinstatement.

IT IS FURTHER ORDERED that Benavidez' compliance with Rules 17–212 and 17–213 will not be required at this time in view of his earlier suspension.

IT IS FURTHER ORDERED that this opinion be published in both the *New Mexico Reports* and the State Bar of New Mexico *Bar Bulletin*.

IT IS SO ORDERED.