866 P.2d 1166

**In the Matter of Tony LOPEZ, Jr., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 21451.

Supreme Court of New Mexico.

Jan. 6, 1994.

David A. Baca, Deputy Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Tony Lopez, Jr., pro se.

### *DISCIPLINARY PROCEEDING*

### OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp.1991), in which attorney Tony Lopez, Jr., in accordance with an agreement for discipline by consent admitted to various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl.Pamp.1991). Pursuant to Rule 17–211(B)(1)(a) we adopt the disciplinary board's recommendation that the agreement not to contest and consent to discipline be accepted and that Lopez be disbarred pursuant to Rule 17–206(A)(1).

On November 16, 1992, in the District Court for the Eighth Judicial District of the State of New Mexico, Lopez was convicted by way of a guilty plea of the crime of embezzlement over $2,500, a third degree felony in violation of NMSA 1978, Section 30–16–8. Formal disciplinary proceedings were initiated by the filing of formal charges

against Lopez on February 8, 1993, alleging (on the basis of Lopez' felony conviction) violations of Rules 16–804(B), (C), (D), and (H) of the Rules of Professional Conduct. In the agreement not to contest and consent to discipline, Lopez agreed that his conduct was violative of the aforementioned Rules of Professional Conduct, and that the sanction of disbarment was appropriate under the circumstances.

IT IS THEREFORE ORDERED that Tony Lopez, Jr. be and hereby is disbarred from the practice of law pursuant to SCRA 1986, 17–206(A)(1).

IT IS FURTHER ORDERED that Lopez may file a motion for permission to apply for reinstatement pursuant to SCRA 1986, 17–214(A) three years from the date of his disbarment provided that he has been fully released from probation as having successfully fulfilled all requirements of the Department of Corrections in connection with the sentence imposed upon him as a result of his felony conviction.

IT IS FURTHER ORDERED that nothing in the agreement for discipline by consent is intended to bind this Court with respect to its future ruling on any such motion for reinstatement at whatever time it may be filed by the respondent.

IT IS FURTHER ORDERED that, should this Court enter an order permitting the filing of an application for reinstatement, it will be Lopez' burden to demonstrate by clear and convincing evidence that he has the moral qualifications, that he is once again fit to resume the practice of law, and that the resumption of his practice of law will not be detrimental to the integrity and standing of the bar, the administration of justice, or the public interest.

IT IS FURTHER ORDERED that this opinion be published in the *Bar Bulletin* and *New Mexico Reports*.

IT IS FURTHER ORDERED that Lopez shall pay $73.30 in costs incurred in this disciplinary action.

IT IS SO ORDERED.