896 P.2d 487

**In the Matter of Leo C. KELLY, Esq., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 22759.

Supreme Court of New Mexico.

May 30, 1995.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Mary Y.C. Han, Albuquerque, for respondent.

## OPINION

PER CURIAM.

This matter came before the Court for imposition of discipline on Leo C. Kelly for conversion of client funds from his trust account. For the reasons set forth below, we decline to adopt the recommendation of the disciplinary board that Kelly receive a partially deferred indefinite suspension. Rather, we hereby disbar Leo C. Kelly from the practice of law for violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to 16–805 (Repl.Pamp.1991 & Cum.Supp.1994), and Rules Governing Discipline, SCRA 1986, 17–101 to 17–316 (Repl.Pamp.1991 & Cum. Supp.1994).

During the years 1993 and 1994, Kelly converted approximately $65,000.00 from his attorney trust account in funds belonging to a number of different clients. Most of the funds converted should have been paid to medical vendors from settlement proceeds. In some cases, the clients believed the medical vendors had been paid from the settlement proceeds, but Kelly failed to notify the clients that the medical vendors were not paid. Some of the funds converted by Kelly were funds that should have been distributed to clients from settlement proceeds. Kelly failed to notify these clients that their cases

had been settled. Kelly also converted funds that should have been paid to his co-counsel, Bruce Barnett, on certain cases that Kelly had settled.[1]

In addition, Kelly failed to adequately safeguard his trust account, making it possible for his daughter to write checks and convert client funds from the trust account. Finally, Kelly advanced funds from his trust account to pay for litigation costs when no funds had been received from the client for whom costs were being advanced.

Throughout this period of time, Kelly failed to maintain accurate and complete records of his trust account transactions. Kelly's conduct violated Rule 16–804(C) by engaging in conduct involving deceit, dishonesty, and misrepresentation; Rule 16–115(A) by failing to hold his clients' funds separate from his own; Rule 16–115(B) by failing to promptly notify clients of the receipt of funds belonging to them; Rule 16–115(A) by failing to maintain trust account records that conform to the requirements of Rule 17–204; Rule 16–116(D) by failing to protect the interests of his clients at the termination of the representation; Rule 16–104 by failing to keep his clients advised of the status of their legal matters; Rule 16–804(D) by engaging in conduct prejudicial to the administration of justice; and Rule 16–804(H) by engaging in conduct adversely affecting his fitness to practice law.

A number of aggravating and mitigating circumstances are present in this case. Aggravating factors listed in the ABA *Standards for Imposing Lawyer Sanctions* (1991), which are relevant here, include that Kelly's conduct evinced a dishonest or selfish motive; that Kelly's clients were vulnerable to his misconduct because they were dependent on him to notify them when their cases settled and to follow through on his commitment and responsibility to pay medical vendors; that one or more clients experienced adverse effects on their credit because of Kelly's failure to pay medical providers; and,

that Kelly has substantial experience in the practice of law, having received his license to practice law in New Mexico in 1974.

Among the mitigating circumstances is Kelly's demonstration of recovery from alcohol addiction. During the period in which he converted client funds, Kelly was suffering from acute alcoholism. Although addiction cannot provide a defense to unethical conduct, *In re Siler*, 106 N.M. 292, 742 P.2d 504 (1987), recovery from such conditions as substance abuse or mental illness can be considered in mitigation if the respondent can demonstrate a prolonged period of rehabilitation. *In re Jones*, 119 N.M. 229, 889 P.2d 837 (1995); *In re Smith*, 115 N.M. 769, 858 P.2d 857 (1993). In February 1994, about the time the disciplinary board began receiving complaints about his misappropriation of client funds, Kelly responded positively to a substance abuse intervention conducted by members of the State Bar of New Mexico Lawyers' Assistance Committee and other concerned individuals. Kelly sought help for his addiction by attending psychological counseling through Veterans Administration Hospital and by attending Alcoholics Anonymous meetings once and sometimes twice a day. Kelly has demonstrated the requisite period of rehabilitation necessary for this to be considered a mitigating factor.

Other mitigating factors include Kelly's cooperation throughout the disciplinary process, his voluntary partial restitution[2], his good reputation, and his show of remorse. On the basis of these mitigating circumstances, the disciplinary board agreed with the hearing committee and recommended that Kelly be indefinitely suspended for a minimum period of three years with all except the first year of suspension deferred and probation during the deferral period. The recommendation to this Court also included that Kelly be ordered to make full restitution to his victims, pay the costs of this proceeding within sixty days, pass the Multi-

---

1. Although it is undisputed that Kelly converted some funds that should have been paid to Mr. Barnett, a legitimate dispute exists concerning the amount owed Mr. Barnett. These amounts are not included in the restitution Kelly is ordered to make.

2. Kelly paid approximately $17,000 of the money converted as of the date this matter was heard by this Court, leaving a balance of $46,000 still to be repaid.

state Professional Responsibility Examination, and participate in a substance abuse monitoring program. We cannot adopt this recommendation, however, because suspension is not an appropriate sanction under the circumstances presented in this case.

■ Stealing client funds is perhaps the most egregious violation of a lawyer's ethical responsibilities; it is a violation of the trust placed in lawyers by their clients. A lawyer's trust account should be held sacred; wilfully taking funds from a trust account cannot and will not be tolerated by this Court. In such cases, disbarment is the appropriate sanction. *In re Rawson,* 113 N.M. 758, 833 P.2d 235 (1992); *In re Wilson,* 108 N.M. 378, 772 P.2d 1301 (1989).

In reaching this conclusion, the Court is not unmindful of the mitigating circumstances present in this case. Rule 17–214(A) provides that a motion for reinstatement may not be filed for a period of at least three years from the date of disbarment unless otherwise stated in the order of disbarment. In consideration of Kelly's showing of rehabilitation and his voluntary effort to make restitution, along with other mitigating circumstances, Kelly may apply for reinstatement after a period of two years from the effective date of disbarment, but only upon a showing that he has made full restitution to all victims of his misconduct, paid all costs of this proceeding, and successfully completed the Multistate Professional Responsibility Examination. The other conditions recommended by the disciplinary board, including that he maintain sobriety, will be matters to be considered upon a petition for reinstatement.

NOW, THEREFORE, IT IS ORDERED that Leo C. Kelly hereby is disbarred from the practice of law in the State of New Mexico effective April 19, 1995.

IT IS FURTHER ORDERED that Kelly shall make restitution to the following persons and entities in the following amounts:

| | |
|---|---|
| Department of the Air Force | $23,960.00 |
| Richard R. Weber, M.D. | $ 386.00 |
| MRI Associates | $ 940.50 |
| Mark J. Caruso, Esq. | $ 5,847.08 |
| Caremore Chiropractic | $ 2,700.98 |
| William Levitt, D.O. | $ 6,107.00 |
| Lovelace Health Systems | $ 1,461.50 |
| Blasing Court Reporters | $ 136.71 |
| Steven Shaw | $ 1,174.09 |
| Family Health Center | $ 349.00 |
| Megan Shepherd | $ 48.00 |
| Myron Rosenbaum, M.D. | $ 377.00 |
| Saint Joseph Healthcare System | $ 23.22 |
| Michael Ryan, M.D. | $ 103.00 |
| Albuquerque Ambulance | $ 122.00 |
| Lucy Vigil | $ 2,266.00 |

IT IS FURTHER ORDERED that Kelly may petition for reinstatement after a period of two years from the effective date of disbarment, but in no event before he has made full restitution, paid the costs of this proceeding in the amount of $4,421.54, and passed the Multistate Professional Responsibility Examination.

IT IS FURTHER ORDERED that interest shall accrue at the rate of fifteen percent (15%) per annum on the amounts owed in restitution and the costs of this proceeding from October 24, 1994, until paid.

IT IS FURTHER ORDERED that this opinion shall be published in *New Mexico Reports* and *Bar Bulletin.*

IT IS SO ORDERED.