916 P.2d 833

**In the Matter of Arthur A. GREENFIELD, Esq., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 23339.**

Supreme Court of New Mexico.

April 30, 1996.

Christine E. Long, Deputy Disciplinary Counsel, Albuquerque, for Disciplinary Board.

Judith M. Cabaniss, Albuquerque, for Respondent.

## OPINION

PER CURIAM.

■ This matter came before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl. Pamp.1995), during which the hearing committee and the disciplinary board recommended indefinite suspension from the practice of law for respondent Arthur A. Greenfield. For the reasons set forth below, we decline to adopt the recommendation of the disciplinary board and hereby disbar Arthur A. Greenfield from the practice of law for violations of Rules 16–104(A), 16–105(C), 16–115(A), 16–115(B), 16–804(C), and 16–804(H), of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl. Pamp.1995).

Respondent represented Kathleen Sims in a slip and fall case against Harrigan's Restaurant in Albuquerque, New Mexico. Greenfield and Ms. Sims had an oral contingency fee agreement which varied from 20% to 30% during the representation. Respondent also represented Ms. Sims' healthcare insurer, Blue Cross/Blue Shield of New Mexico, hereinafter "BCBSNM," on their subrogation claim. Respondent settled Ms. Sims' case and received a settlement check for $20,000.00 from Harrigan's insurer, Gulf Insurance Group, on or about February 4, 1994. Ms. Sims repeatedly contacted respondent regarding the settlement proceeds during February and March of 1994, and was informed by respondent that no check had arrived. Respondent admitted that he cashed the settlement check and converted the funds for his personal use, rather than turning any portion of the settlement money over to either Ms. Sims or BCBSNM.

By the above-described conduct, respondent violated Rules 16–104(A) (failing to keep a client reasonably informed or complying with reasonable requests for information); 16–105(C) (failing to put a contingency fee agreement in writing); 16–115(B) (failing to notify client of receipt of funds and failing to promptly deliver said funds to client); 16–804(C) (engaging in conduct that was dishonest and/or fraudulent); and 16–804(H) (engaging in conduct that adversely reflects on his fitness to practice law).

■ Respondent's failure to put his contingency fee agreement with Ms. Sims in writing, as required by Rule 16–105(C), appears to be a minor ethical violation in comparison to his other misconduct; however, Rule 16–105 mandates that contingency fee agreements must be in writing. A violation of any mandatory rule never should be considered a minor offense, no matter how deplorable the other surrounding circumstances.

■ There is no doubt, however, that respondent's admitted conversion of $20,000.00 of a client's funds is a far more serious act of misconduct. It is well settled that conversion of client funds is one of the most serious offenses that an attorney can commit and will generally result in the offending attorney's losing his or her right to practice law. *See, e.g., In re Duffy,* 102 N.M. 524, 697 P.2d 943 (1985) (disbarment); *In re Gallegos,* 104 N.M. 496, 723 P.2d 967 (1986) (disbarment); *In re Hill,* 105 N.M. 641, 735 P.2d 1147 (1987) (disbarment); *In re C'de Baca,* 109 N.M. 151, 782 P.2d 1348 (1989) (disbarment); *In re Benavidez,* 111 N.M. 642, 808 P.2d 612 (1991) (disbarment); *In re Deutsch,* 113 N.M. 711, 832 P.2d 402 (1992) (disbarment); *In re Lopez,* 116 N.M. 699, 866 P.2d 1166 (1994) (disbarment); *In re Evans,* 119 N.M. 305, 889 P.2d 1227 (1995) (disbarment); *In re Kelly,* 119 N.M. 807, 896 P.2d 487 (1995) (disbarment).

In *Kelly,* this Court stated:

Stealing client funds is perhaps the most egregious violation of a lawyer's ethical

responsibilities; it is a violation of the trust placed in lawyers by their clients. A lawyer's trust account should be held sacred; wilfully taking funds from a trust account cannot and will not be tolerated by this Court. In such cases, disbarment is the appropriate sanction.

119 N.M. at 809, 896 P.2d. at 489. Kelly was disbarred despite many factors in mitigation, including his cooperation throughout the disciplinary process, his voluntary partial restitution, his good reputation, and his show of remorse. *Id.* In the present case, respondent not only violated his client's trust by taking the money, but also lied to her regarding the status of the funds, insisted throughout the disciplinary process that he was owed a fee despite his misconduct, and failed to pay his other client (BCBSNM) any funds. Also in aggravation is respondent's substantial experience in the practice of law; he should have been well aware of the impropriety of his actions.

The disciplinary board made a finding of only one factor in mitigation—that respondent had expressed "some remorse over his actions, although said remorse is not represented by corresponding actions." This single limited mitigating factor is certainly not enough to counteract respondent's serious misconduct.

In addition to misappropriating his client's money, respondent improperly maintained his attorney trust account. When disciplinary counsel requested production of respondent's trust records for the period from January 1, 1991 through April 22, 1994, required to be maintained by Rule 17–204, respondent only produced bank statements from December 16, 1991 through November 16, 1992. He alleged that his former secretary had his records for 1993, that he did not have records for 1991, and offered no explanation as to why he did not have his 1994 records. Respondent failed to keep client ledgers and consistently commingled personal and client funds. His trust account records indicate he routinely wrote checks for a variety of personal expenditures and for "cash" to pay his staff and to pay for a myriad of personal matters. Issuing trust account checks for personal disbursements, including checks to "cash," is a violation of Rule 16–115(A). *See In re Turpen,* 119 N.M. 227, 889 P.2d 835 (1995).

Respondent demonstrated quite clearly that he was not sufficiently familiar with the trust account record keeping requirements of Rule 17–204. The keeping of proper trust account records should not be viewed as a mere administrative matter. "Mismanagement of client funds is one of the most serious acts of misconduct an attorney can commit." *In re Gabriel,* 110 N.M. 691, 692, 799 P.2d 127, 128 (1990).

Respondent placed his license to practice law in jeopardy not only through his breach of his client's trust but also by his obvious failure to properly maintain his trust account. By this conduct, respondent violated Rule 16–115(A) by failing to maintain and preserve trust account records that conform to the requirements of Rule 17–204.

Whether the monies used by respondent for personal expenses were from fees earned or client funds is not an issue that needs to be addressed to find a violation of Rule 16–115(A) because the rule forbids commingling of attorney money with trust account money. Respondent's steadfast position that the monies he used directly from his trust account were fees earned is an implicit admission that his conduct violated Rule 16–115(A) by commingling his money with client's money in the trust account.

▮ Respondent also violated Rule 16–804(H)—engaging in conduct adversely reflecting on his fitness to practice law. It is axiomatic that if an attorney is unable to meet the most rudimentary administrative task assigned in the practice of law (the maintenance of his trust account), his or her practice of law is generally adversely affected. In *Gabriel,* this Court stated:

> [Rules 16–115 and 17–204] are neither enigmatic nor difficult to implement. While appropriate record keeping of necessity involves an investment of time, there is no reason to believe that one who had attained the level of education required of a licensed attorney cannot either manage to meet these requirements or hire and train

an employee to do so and provide appropriate supervision to that person.

110 N.M. at 692, 799 P.2d at 128; *see also In re Turpen,* 119 N.M. 227, 889 P.2d 835 (1995) (attorneys have affirmative obligation to properly maintain trust accounts).

In reaching a conclusion different from that recommended by the hearing committee and the disciplinary board, this Court notes that the only mitigation factor was respondent's expression of remorse. Despite this, however, respondent took no action to demonstrate regret for his conduct. Rather, he appears only to have remorse for the situation in which he found himself. If an attorney commits such a grievous harm as did respondent in his representation of Ms. Sims without incurring serious sanction, the public would be justified if it were to lose faith in the judicial system.

NOW, THEREFORE, IT IS ORDERED that Arthur A. Greenfield hereby is disbarred from the practice of law in the State of New Mexico effective March 6, 1996.

IT IS FURTHER ORDERED that Greenfield shall make restitution to the following in the following amounts within thirty (30) days of March 6, 1996:

| | |
|---|---|
| Kathleen Sims | $6,387.08 |
| Blue Cross/Blue Shield of NM | $1,164.00 |

IT IS FURTHER ORDERED that Greenfield may petition for reinstatement after a minimum period of two years from the effective date of disbarment, but in no event may he apply before he has made full restitution and paid the costs of this proceeding in the amount of $751.15. Such costs shall be reduced to a transcript of judgment.

IT IS FURTHER ORDERED that interest shall accrue at the rate of 8.75% percent per annum from April 5, 1996, on the amounts owed in restitution; and on the amount owed as costs of this proceeding; interest shall accrue at a rate of fifteen per cent (15%) per annum on any amount not paid on or before April 6, 1996.

IT IS FURTHER ORDERED that this Court may impose additional conditions for reinstatement, such as those recommended by the disciplinary board, at the time Greenfield petitions this Court for reinstatement.

IT IS FURTHER ORDERED that this opinion shall be published in *New Mexico Reports* and *Bar Bulletin.*

IT IS SO ORDERED.