916 P.2d 840

**In the Matter of Carl J. SCHMIDT, Esq.**

**No. 22128.**

Supreme Court of New Mexico.

May 8, 1996.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Board.

Carl J. Schmidt, Rio Rancho (no appearance).

## OPINION

PER CURIAM.

For the second time in less than two years, disciplinary proceedings involving Carl J. Schmidt came before the Court. For reasons set forth below, Schmidt hereby is disbarred from the practice of law in New Mexico for violations of various Rules of Professional Conduct, SCRA 1986, 16–101 to 16–805 (Repl.Pamp.1995) and Rules Governing Discipline, SCRA 1986, 17–101 to 17–316 (Repl.Pamp.1995).

In the prior proceeding, respondent was found to have engaged in dishonest conduct in violation of Rule 16–804(C) as well as violations of other Rules of Professional Conduct. Pursuant to a conditional agreement not to contest and consent to discipline, respondent was suspended from the practice of law for a period of three years, effective May 24, 1994. The second and third years of the suspension were to be deferred in favor of supervised probation, provided Schmidt complied with certain terms of the consent agreement during the first year of suspension.

Almost immediately, respondent failed and refused to comply with the conditions to which he had agreed. On October 31, 1994, in a show cause proceeding initiated by the motion of chief disciplinary counsel pursuant to Rule 17–206(G), this Court revoked the previous deferral and suspended respondent for the entire three-year period of the original order of discipline.

The proceeding now before the Court arose out of respondent's representation of Elizabeth Chalamidas in pursuing claims arising out of the death of her husband, who died after being injured in a fall in May 1992. In early 1993, respondent collected $10,000 in medical pay benefits on the Chalamidas claim. Upon receipt of the settlement draft, respondent obtained the endorsement of

Chalamidas and deposited the check into his trust account. Despite the repeated requests of Chalamidas, however, respondent failed to pay her husband's medical bills, provide an accounting, or remit funds to her.

In November 1994, Chalamidas filed a disciplinary complaint against respondent. In the course of investigating the complaint, disciplinary counsel subpoenaed respondent's trust account records for the period relevant to the Chalamidas settlement. The bank records revealed that the $10,000 settlement was deposited in the trust account on March 29, 1993, and that by July 26, 1993, the account had a negative balance. The records also disclosed that during the four-month period in which Chalamidas' funds were being dissipated, respondent made numerous cash withdrawals from trust, commingled personal and client funds in the trust account, maintained his trust account as an interest-bearing account, even though he was not a participant in the IOLTA program, and, most significantly, misappropriated the $10,000 belonging to Chalamidas.

Respondent made no response to the complaint, despite receiving two letters from disciplinary counsel requesting him to respond. The second letter specifically reminded respondent of his obligation to cooperate in the investigation as set forth in Rule 16-803(D). Respondent was personally served with the formal specification of charges in the disciplinary proceeding which followed. He failed to answer the charges, which resulted in the allegations being admitted pursuant to Rule 17-310(C). Respondent also failed to appear at any of the hearings held in this proceeding, although notice was provided to him.

█ Rule 16-803(D) requires a lawyer to "give full cooperation and assistance to the highest court of the state and to the disciplinary board, hearing committees and disciplinary counsel in discharging their respective functions and duties with respect to discipline and disciplinary procedures." Embodied in this rule is the obligation to respond to disciplinary counsel's request for a response to a complaint and the duty to provide additional information to disciplinary counsel, if asked to do so. Failure to provide information needed to complete investigation of a disciplinary complaint can constitute a violation of Rule 16-803(D).

█ If formal charges are filed, Rule 16-803(D) constrains the lawyer to answer the charges and appear before the hearing committee. Similarly, if hearings are scheduled in the proceeding by the disciplinary board and this Court, the lawyer is obligated to appear. A license to practice law is a privilege, which must be respected and protected. *See* SCRA 1986, 17-205; *In re Reid*, 116 N.M. 38, 40, 859 P.2d 1065, 1067 (1993). Failure to participate in the disciplinary process, in effect, constitutes abandonment of the privilege a lawyer has been granted to practice law in New Mexico.

█ Respondent's conduct in this matter violated Rule 16-115(A), by failing to hold client funds separate from his own; Rule 16-115(B), by failing to remit to the client funds she was entitled to receive; Rule 16-115(B), by failing to provide an accounting to the client of the funds in his possession which belong to her; Rule 16-115(D), by maintaining an interest-bearing trust account, even though he was not a participant in the IOLTA program; Rule 17-204(A), by making cash disbursements from his trust account; Rule 16-804(C), by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; Rule 16-803, by failing to cooperate with disciplinary counsel; and Rule 16-804(H), by engaging in conduct that adversely reflects on his fitness to practice law.

This Court has made clear that "disbarment is the appropriate sanction" for the wilful conversion of trust account funds. *In re Kelly*, 119 N.M. 807, 809, 896 P.2d 487, 489 (1995). Rule 17-214(A) provides that a disbarred attorney may not apply for reinstatement without the prior approval of this Court and that a motion seeking permission to apply for reinstatement may not be filed for at least three (3) years from the effective date of the disbarment, unless stated otherwise in the order of disbarment. Both the hearing committee and disciplinary board panel that considered this case recommended permanent disbarment for respondent. While we decline to order permanent disbarment, we exercise our discretion under Rule 17-214(A)

and order that respondent may not seek permission to apply for reinstatement until at least three years after May 24, 1997, the date on which the previously imposed period of suspension would have expired.

NOW, THEREFORE, IT IS ORDERED that effective March 6, 1996, Carl J. Schmidt is disbarred from the practice of law in all courts in New Mexico pursuant to SCRA 1986, 17–206(A)(1);

IT IS FURTHER ORDERED that no application for reinstatement may be made until a minimum period of three (3) years has elapsed after May 24, 1997, the expiration date for respondent's previously ordered suspension, and that any application must be accompanied by a showing that respondent took and passed the Multistate Professional Responsibility Examination, paid all costs and restitution, and satisfied all conditions of suspension;

IT IS FURTHER ORDERED that respondent shall reimburse the Disciplinary Board its costs in the amount of $447.63 within thirty (30) days of March 6, 1996, plus interest of fifteen percent (15%) per annum on any amount not paid within the thirty-day period and that said costs shall be reduced to a Transcript of Judgment;

IT IS FURTHER ORDERED that respondent shall make restitution to Elizabeth Chalamidas in the amount of $10,000.00 within thirty (30) days of March 6, 1996, plus interest of fifteen percent (15%) per annum on any amount not paid within the thirty-day period;

IT IS FURTHER ORDERED that respondent shall satisfy all conditions of suspension as described in the October 31, 1994 order; and

IT IS FURTHER ORDERED that this opinion be published in *New Mexico Reports* and *Bar Bulletin.*

IT IS SO ORDERED.

FROST, C.J., not participating.