1997–NMSC–001

930 P.2d 1162

**In the Matter of Lester C. CANNAIN, Esq., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 23977.**

Supreme Court of New Mexico.

Jan. 13, 1997.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque.

Lester C. Cannain, Albuquerque, Pro Se.

## OPINION

PER CURIAM.

This matter came before the Court to approve a conditional agreement not to contest and consent to discipline executed by respondent Lester C. Cannain. The Court finds the discipline set forth in the consent agreement to be appropriate and orders that it be imposed.

After practicing law for a number of years with an unblemished disciplinary record, respondent found himself the subject of a serious complaint. The complaint was filed by the State Bar of New Mexico, which notified the Disciplinary Board that respondent had written a trust account check to pay for advertising in its weekly publication, the *Bar Bulletin*. Disciplinary counsel's investigation and an audit of respondent's trust account revealed that he had committed a number of trust account infractions in violation of Rules 16–115 and 17–204 NMRA 1996. Formal disciplinary proceedings ensued pursuant to

Rules 17–101 through 17–316 of the Rules Governing Discipline. Respondent cooperated throughout the disciplinary process and executed the consent agreement which is before the Court.

The record in this case shows that respondent commingled personal funds with client funds, made personal disbursements and cash withdrawals from trust, failed to maintain separate ledgers for clients whose funds he held in trust, failed to maintain proper records of deposits and withdrawals, and failed to perform reconciliations of his trust account checkbook balance, and bank statement balance and client trust ledger sheets. In two instances, respondent held client funds for an inordinate amount of time before depositing them into trust. Throughout the period audited, respondent's trust account generated dividends, even though he was not a participant in the IOLTA program.

On a few occasions, respondent advanced costs from trust for clients who did not have funds on deposit in the trust account. Rule 16–108(E)(1) provides that a "lawyer may advance court costs and expenses of litigation, provided the client remain ultimately liable for such costs and expenses." If costs are advanced, the advance must come from the lawyer's own funds. Because of his commingling, respondent had enough money in the trust account to cover these disbursements; however, the fact that respondent's commingling saved him from disbursing funds that did not belong to him does not mean it was proper for him to make cost advances from trust. His funds should not have been in the account and the cost advances should have been made from his business or personal account.

Absent commingling, if funds are advanced from trust and the client for whom the advance is made has no funds on deposit, it follows that funds belonging to another client will be used. This is a misuse of trust funds. "Misuse" of trust funds occurs when

a lawyer withdraws client funds for an improper purpose, but does so in error, without an intent to deprive the client of the funds. While this is a serious breach of the attorney's fiduciary duties, it is not as egregious as misappropriation of client funds. The latter necessarily involves a dishonest motive and an intent to deprive the client of his or her funds and will almost inevitably result in disbarment. *See, e.g. In re Greenfield,* 121 N.M. 633, 916 P.2d 833 (1996); *In re Schmidt,* 121 N.M. 640, 916 P.2d 840 (1996).

■ On one occasion, albeit for a very short period of time, respondent did misuse client trust funds when he deposited a check from a client and withdrew a portion of it in cash for fees. The amount he withdrew exceeded the amount he had earned as of that date. The next day respondent performed services sufficient to earn the remainder of the sum he had withdrawn. This is an example of a withdrawal for an improper purpose. If a client has funds in trust to pay the lawyer's fees, the lawyer is only entitled to withdraw amounts which have been earned.

■ Because respondent's misuse of client funds was of such a short duration, we are willing to give him the benefit of the doubt and assume that he had no intention to deprive the client of funds to which he was not entitled. Nonetheless, because even misuse is a serious offense, and because his trust account was in such disarray, a significant sanction is warranted. "Attorneys who fail to maintain a trust account as required under our rules run the risk of finding themselves before this Court, with their license to practice law in jeopardy." *In re Turpen,* 119 N.M. 227, 228, 889 P.2d 835, 836 (1995). The consent agreement provides the appropriate sanction, a two-year deferred suspension, with supervised probation throughout the deferral period, two audits of the trust account, and certain other conditions. The discipline set forth in the agreement is, therefore, imposed as the order of this Court.

NOW, THEREFORE, IT IS ORDERED that the request hereby is adopted and the conditional agreement not to contest and consent to discipline hereby is approved;

IT IS FURTHER ORDERED that respondent hereby is suspended from the practice of law for two (2) years, pursuant to Rule 17–206(A)(3) NMRA 1996, effective November 27, 1996;

IT IS FURTHER ORDERED that the two-year suspension period hereby be and is deferred;

IT IS FURTHER ORDERED that respondent shall be placed on probation for two years, under the supervision of a licensed New Mexico attorney selected or approved by disciplinary counsel, with the following conditions:

(1) Respondent shall observe all Rules of Professional Conduct and Rules Governing Discipline;

(2) Respondent shall meet with the supervising attorney as often as the supervisor deems necessary or advisable, but no less than once per month, and shall accept instruction from and comply with all directives of the supervisor concerning trust account recordkeeping and management procedures. Respondent shall demonstrate to the satisfaction of the supervising attorney that his current trust account is in compliance with the requirements of Rules 16–115 and 17–204 NMRA 1996;

(3) The supervising attorney shall provide quarterly reports to disciplinary counsel concerning respondent's compliance with supervision and, thirty (30) days prior to the conclusion of the two-year probationary period, the supervisor shall advise disciplinary counsel whether respondent has satisfactorily complied with the supervisor's instructions and directives;

(4) Respondent shall submit to and bear the expense of two audits of his current trust account during the probationary period, conducted at times and by auditors selected or approved by disciplinary counsel. If either audit reveals further violations of Rules 16–115 and/or 17–204, respondent understands that disciplinary counsel may seek to have the deferral of his suspension, or some portion thereof, revoked and may file additional charges of misconduct based upon the findings of the audit; and

(5) Respondent shall successfully complete the Multistate Professional Responsibility Exam during the probationary period.

IT IS FURTHER ORDERED that respondent shall pay all costs incurred in the investigation and prosecution of this case;

IT IS FURTHER ORDERED that, at the conclusion of the two-year period of deferred suspension, reinstatement will be automatic so long as respondent has fulfilled all conditions set forth in this agreement; however, if deferral of the two-year probationary period or any portion thereof is revoked or any condition or obligation set forth in this agreement is not fulfilled, disciplinary counsel may object to reinstatement pursuant to Rule 17–214(B) NMRA 1996; and

IT IS FURTHER ORDERED that respondent's failure to abide by the terms and conditions of the conditional agreement may result in the filing of a motion for an order to show cause pursuant to Rule 17–206(G) NMRA 1996.

IT IS SO ORDERED.