884 P.2d 478

**In the Matter of Victor R. RUYBALID, Esq., An Attorney Admitted to Practice Law Before the Courts of the State of New Mexico.**

No. 22207.

Supreme Court of New Mexico.

Nov. 7, 1994.

588

Sally E. Scott, Albuquerque, for Disciplinary Bd.

Art Michael, Santa Fe, for respondent.

## OPINION

PER CURIAM.

█ This matter came before the Court upon the recommendation of the Disciplinary Board to approve a conditional agreement not to contest and consent to discipline executed by Victor R. Ruybalid, which we determine to be appropriate discipline. The disciplinary proceeding in which the consent agreement was entered arose out of multiple violations by Ruybalid of the rules governing attorney trust accounts. The consent to discipline provides for an indefinite suspension of two years minimum duration, the imposition of which will be deferred on certain conditions set forth in the agreement. The conditions include that Ruybalid shall be placed on supervised probation during the entire period of suspension, that he shall accept instruction from his supervisor concerning trust account recordkeeping and management procedures, that he shall submit to and pay for two audits of his current trust account during the probationary period, and that he shall cooperate with disciplinary counsel to confirm that he does not owe any money to clients whose funds were deposited in his trust account during the period in which the violations occurred.

This proceeding involved virtually every conceivable type of misuse of a trust account, with the exception of the most serious—conversion of client funds. No clients have complained that Ruybalid failed to remit sums due them from his trust account. It is for this reason that the Court is willing to approve and impose the discipline set forth in the consent agreement.

The violations that occurred were extremely serious. For a long period of time, Ruybalid commingled client funds with his personal funds and funds from an unrelated business he operated in violation of SCRA 1986, 16–115. Among others, he wrote checks for his groceries, his credit card bills, and his utilities on his trust account. Remarkably, he wrote a trust account check to the State Bar of New Mexico for a continuing legal education course. Ruybalid maintained the trust account as an interest-bearing account, even though he was not an IOLTA participant, in violation of SCRA 1986, 16–115(D). In direct contradiction of SCRA 1986, 17–204(A)(1), he had an automatic withdrawal card available on his trust account. Rule 17–204(A)(1) prohibits disbursements to cash.

█ Ruybalid also violated Rule 16–115(A) by failing to maintain and preserve trust account records in accordance with the requirements of Rule 17–204. Ruybalid was unable to provide all documents requested by disciplinary counsel, even though the documents requested were within the five-year preservation period required by Rule 17–204(A). The "ledger sheets" he produced did not contain the information required to be recorded; most did not state either the source of deposits or the reasons for disbursements of client funds. Some ledgers reflected the receipt of client funds that should have been deposited in trust but which were not reflected in the records subpoenaed by disciplinary counsel from the bank. The bank records also reflected deposits from clients not shown on the ledgers.[1]

In addition, Ruybalid's conduct during the pendency of the investigation of this matter

---

1. Not only does a lawyer's failure to maintain the required records violate ethical duties, but also it makes investigation of alleged trust account violations more difficult and costly. The cost of having a CPA firm recreate trust account transactions can, as happened here, run into the thousands of dollars. These are costs that the lawyer, if found to have violated SCRA 1986, 16–115 and 17–204, will be required to bear. *See* SCRA 1986, 17–106(B) (Cum.Supp.1994).

was unsatisfactory. He failed to cooperate with disciplinary counsel, in violation of SCRA 1986, 16–803(D), by refusing to provide bank statements, cancelled checks, deposit records, and failing to respond to the request of disciplinary counsel for additional information needed to complete the investigation. He told disciplinary counsel he had only begun using the trust account for personal purposes after he had phased out his law practice. The bank records obtained by disciplinary counsel showed this was not the case. Client funds and personal funds were commingled for at least two years before Ruybalid closed the trust account. This misrepresentation violated SCRA 1986, 16–801(A).

Attorneys in this state should have no misconception about this Court's opinion of an attorney's failure to properly maintain an attorney trust account. The Court views such transgressions as being of the most serious nature. It is recommended that all attorneys practicing in this state ensure that their trust accounts are in compliance with the provisions of Rules 16–115 and 17–204. Rule 17–204 sets forth in detail exactly what an attorney must do to be in compliance with the requirements for maintaining attorney trust accounts. It is unlikely that any attorney who studies and follows this rule would ever have to face this Court to address violations of his or her trust account obligations.

Ruybalid's conduct during the investigation conducted by disciplinary counsel was inexcusable. The Rules of Professional Conduct, SCRA 1986, 16–101 to 16–805 (Repl. Pamp.1991 & Cum.Supp.1994), specifically require attorneys to cooperate with disciplinary counsel and the Disciplinary Board in the discharge of their respective functions. *See* SCRA 1986, 16–803(D). Moreover, this Court expects to receive full cooperation from every New Mexico attorney during an investigation. The functions of the disciplinary board and disciplinary counsel are essential to the Court's exercise of its inherent jurisdiction and concomitant duty to prescribe and regulate the standards of conduct of lawyers in the state of New Mexico. *See Preface* to Rules Governing Discipline. Misrepresentation in any form is unacceptable

conduct by an attorney. As the Disciplinary Board has stated, "When dealing with an attorney, another person (whether an attorney or a lay person) has the right to expect that the attorney will be honest and straightforward." *Matter of Ellis*, 29 State Bar Bulletin 29 (September 27, 1990). Honesty is certainly to be expected when a lawyer is dealing with the Court's disciplinary system.

**IT IS THEREFORE ORDERED** that Victor R. Ruybalid be suspended indefinitely from the practice of law in the state of New Mexico for a minimum of two years, effective August 18, 1994;

**IT IS FURTHER ORDERED** that the imposition of the indefinite suspension be deferred on the following terms and conditions:

1. Ruybalid shall be on probation throughout the deferral period, under the supervision of Steven L. Tucker, Esq., or a licensed New Mexico attorney who is hereby appointed supervising attorney by this Court;

2. Ruybalid shall meet with his supervising attorney as often as the supervisor deems necessary or advisable and accept instruction from and comply with all directives of the supervisor concerning trust account recordkeeping and management procedures. Ruybalid shall demonstrate to the satisfaction of the supervising attorney that his current trust account is in compliance with the requirements of Rules 16–115 and 17–204. The supervisor shall provide quarterly reports to disciplinary counsel concerning Ruybalid's compliance with supervision. Thirty (30) days prior to the conclusion of the minimum two-year probationary period, the supervisor shall advise disciplinary counsel concerning whether Ruybalid has satisfactorily complied with the supervisor's instructions and directives.

3. Ruybalid shall submit to and bear the expense of two audits of his current trust account during the probationary period, conducted at times and by auditors selected by or approved of by disciplinary counsel. If either audit reveals further violations of Rule 16–115 (including violations of Rule 17–204), disciplinary counsel may

seek to have the deferral of his suspension revoked and may file additional charges of misconduct based upon the findings of the audit.

4. Ruybalid shall cooperate with disciplinary counsel and the CPA firm providing accounting services to the Disciplinary Board in this matter in carrying out the procedures set forth in the conditional agreement not to contest and consent to discipline to confirm that none of his clients are due money from his trust account. Ruybalid also shall comply fully with the procedures set forth in the agreement for resolving any disputes that may arise concerning whether any sums are due to his clients from the trust account.

5. All charges of the CPA firm shall be paid in full by Ruybalid before the end of the probationary period, including reimbursement to the Disciplinary Board for all payments it made to the CPA firm in this matter, which sum is included in the costs set forth below.

6. Ruybalid shall successfully complete the Multistate Professional Responsibility Exam during the two-year minimum probationary period.

7. Ruybalid shall reimburse the Disciplinary Board $7,086.24, for all costs incurred in the investigation and prosecution of this matter, together with any and all additional costs and charges that may accrue according to the terms of the conditional agreement not to contest and consent to discipline. All costs shall be paid by Ruybalid on or before August 16, 1996, and any unpaid balance as of that date shall be subject to an annual interest rate of fifteen percent (15%).

8. Ruybalid shall observe all provisions of the Rules of Professional Conduct and Rules Governing Discipline during his probation.

**IT IS FURTHER ORDERED** that at the conclusion of the two-year minimum period of suspension, Ruybalid will not be automatically reinstated, but rather will be reinstated only after proceedings conducted pursuant to SCRA 1986, 17–214(G);

**IT IS FURTHER ORDERED** that this opinion be published in *New Mexico Reports* and *Bar Bulletin.*

**IT IS SO ORDERED.**