889 P.2d 835

In the Matter of Stephen D. TURPEN, Esq., An Attorney Admitted to Practice Law Before the Courts of the State of New Mexico.

No. 22609.

Supreme Court of New Mexico.

· Feb. 10, 1995.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Stephen D. Turpen, pro se.

## OPINION

PER CURIAM.

Once again this Court is presented with a disciplinary matter in which a licensed New Mexico attorney has wholly failed to comply with the requirements for maintaining his trust account. *See* SCRA 1986, 16–115 (Repl.Pamp.1991 & Cum.Supp.1994) (safekeeping property); SCRA 1986, 17–204 (Repl.Pamp.1991 & Cum.Supp.1994) (required records). The matter comes before the Court for consideration of a conditional agreement not to contest and consent to discipline executed by Stephen D. Turpen, approval of which has been recommended by the Disciplinary Board. *See* SCRA 1986, 17–211 (Repl.Pamp.1991) (discipline by consent). We have determined that the resolution set forth in the consent agreement is appropriate, and hereby impose the recommended discipline of a two-year deferred suspension, with probation throughout the deferral period. If Turpen successfully completes his probation and the other conditions included in the discipline being imposed, he will be automatically reinstated to full licensure at the conclusion of the two-year period.

Over at least a two-year period of time, Turpen commingled earned fees with client funds and issued trust account checks for personal disbursements in violation of Rule 16–115(A). In addition, Turpen failed to maintain the records required by Rules 16–115(A) and 17–204. Numerous transactions occurred in which no information on the check stub, cancelled check, or deposit slip properly identified the source of the deposit, the purpose of the withdrawal, or the client. Turpen failed to maintain a separate ledger for each client whose funds were on deposit in his trust account and failed to maintain complete information on the ledgers he did keep. He did not prepare statements to clients reflecting transactions in the trust account. Turpen also failed to perform quarterly reconciliations of his trust account checkbook balance, bank statement balance, and client trust ledger sheet balances. On at least one occasion, Turpen withdrew funds from the trust account by means of a check made out to cash in violation of Rule 16–115(A).

In *In re Ruybalid,* 118 N.M. 587, 884 P.2d 478 (1994), we stated that "[a]ttorneys in this state should have no misconception about this Court's opinion of an attorney's failure to properly maintain an attorney trust account. The Court views such transgressions as be-

ing of the most serious in nature." *Id.* at 589, 884 P.2d at 480. Moreover, we recommended that all licensed New Mexico attorneys take steps to ensure that their trust accounts are in compliance with the provisions of Rules 16–115 and 17–204. *Id.* at 589, 884 P.2d at 480.

■ The obligation to properly maintain one's trust account is an affirmative one. Every attorney is charged with the obligation to determine recordkeeping requirements and to maintain his or her trust account in compliance with the requirements. Rule 17–204 sets forth recordkeeping requirements in great detail. Attorneys who fail to maintain a trust account as required under our rules run the risk of finding themselves before this Court, with their license to practice law in jeopardy.

No allegation of conversion of client funds was raised in this proceeding. Nonetheless, Turpen now finds himself on the brink of losing the privilege to practice law for a two-year period. Only his successful completion of probation and compliance with the other conditions imposed, including bearing the cost of two trust account audits during the probationary period, stand between him and actual suspension. This should be ample evidence to other attorneys that honest utilization of one's trust account is not enough. While conversion of trust funds will surely result in the most severe discipline, *see, e.g., In re Rawson,* 113 N.M. 758, 833 P.2d 235 (1992), commingling funds and failing to maintain the proper records also place a lawyer's license at risk.

NOW, THEREFORE, IT IS ORDERED that Stephen D. Turpen be suspended from the practice of law in the state of New Mexico for a period of two-years, effective January 19, 1995.

IT IS FURTHER ORDERED that imposition of the period of suspension shall be deferred on the following terms and conditions:

1. Turpen shall be on probation throughout the deferral period under the supervision of Earl R. Norris, a licensed New Mexico attorney;

2. Turpen shall meet with his supervising attorney as often as the supervisor deems necessary or advisable. Turpen shall accept instruction from and comply with all directives of his supervisor concerning trust account record keeping and management procedures. Turpen shall demonstrate to the satisfaction of his supervising attorney that his trust account is in compliance with the requirements of Rules 16–115 and 17–204. The supervisor shall provide quarterly reports to disciplinary counsel concerning Turpen's compliance with supervision. Thirty (30) days prior to the conclusion of the two-year probationary period, the supervisor shall advise disciplinary counsel whether Turpen has satisfactorily complied with the supervisor's instructions and directives;

3. Turpen shall submit to and bear the expense of two audits of his current trust account during the probationary period, conducted at times and by auditors selected by or approved by disciplinary counsel. If either audit reveals further violations of Rule 16–115 or Rule 17–204, Turpen understands that disciplinary counsel may seek to have the deferral of his suspension revoked and may file additional charges of misconduct based upon the findings of the audit;

4. Turpen shall successfully complete the Multistate Professional Responsibility Exam during the probationary period;

5. Turpen shall pay the costs of this proceeding in the amount of $1,521.61 on or before January 19, 1996, and any amount unpaid by that date shall accrue interest at the rate of fifteen percent (15%) per annum; and

6. Turpen shall observe all provisions of the Rules of Professional Conduct and Rules Governing Discipline during the term of this agreement.

**IT IS FURTHER ORDERED** that at the conclusion of the two-year period, reinstatement to full licensure will be automatic if Turpen has fulfilled all the conditions set forth in this agreement.

**IT IS FURTHER ORDERED** that this opinion be published in *New Mexico Reports* and *Bar Bulletin.*

**IT IS SO ORDERED.**

/s/ Joseph F. Baca
Joseph F. Baca, Chief Justice

/s/ Richard E. Ransom
Richard E. Ransom, Justice

/s/ Gene E. Franchini
Gene E. Franchini, Justice

/s/ Stanley F. Frost
Stanley F. Frost, Justice

/s/ Pamela B. Minzner
Pamela B. Minzner, Justice