927 P.2d 1055

**In the Matter of Charles H. REID, Esq., an Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 21394.

Supreme Court of New Mexico.

Nov. 22, 1996.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Board.

Charles H. Reid, Albuquerque, Pro Se.

OPINION

PER CURIAM.

Following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, 17–101 to 17–316 NMRA 1996, this matter came before the Court for imposition of discipline on attorney Charles H. Reid for failing to properly maintain his trust account. We accept the recommendation of the disciplinary board and suspend Charles H. Reid for two years, with all but the initial sixty days of suspension deferred. During the deferral period, respondent shall be placed on supervised probation and shall be required to satisfactorily complete his probation and comply with certain other conditions in order to be reinstated to active status.

Respondent does not deny that he failed to properly maintain his trust account. During oral argument presented to this Court, disciplinary counsel argued that respondent should be suspended for a minimum of six months before being placed on probation. Respondent contended there should be no suspension but requested, if he were to be suspended, that the order of suspension not take effect until three currently scheduled court matters had been heard. We decline to order a minimum six-month suspension and impose the sixty-day suspension recommended by the disciplinary board, but delay the onset of suspension until January 1, 1997, to permit respondent to complete his scheduled court hearings.

A disciplinary complaint filed by the clerk of the bankruptcy court in October 1994 advised disciplinary counsel that two trust account checks tendered to that court by respondent had been returned for insufficient

funds. The investigatory phase of this matter included an examination of respondent's trust account records for the entire calendar year 1994, which was conducted by a certified public accountant.

The examination disclosed an almost total failure by respondent to comply with the requirements for lawyer trust accounts set forth in Rules 16–115 and 17–204 NMRA 1996. Respondent failed to properly segregate his own funds from client funds; repeatedly wrote checks on his trust account for personal purposes; failed to maintain records reflecting the identity of the client whose funds were being deposited in or withdrawn from trust; failed to maintain a separate ledger for each client whose funds were deposited in trust; failed to prepare statements to clients reflecting trust account transactions; and failed to perform reconciliations of his trust account checkbook, bank statement balance, and client trust ledger sheet balances. During calendar year 1994, nineteen (19) trust account checks were returned for insufficient funds, resulting in "NSF" bank charges of $545.00 being assessed against the trust account. On four occasions, the bank charged respondent's trust account for payments on personal loans to respondent. On another occasion, the bank charged the trust account to close an overdrawn personal account belonging to respondent. Respondent told the accountant that he began using the trust account for personal business because he was concerned that the Internal Revenue Service was going to levy against his personal bank accounts.

This Court is always concerned when a lawyer mishandles a client trust account. *In re Turpen*, 119 N.M. 227, 889 P.2d 835 (1995); *In re Ruybalid*, 118 N.M. 587, 884 P.2d 478 (1994). The fact that respondent was concerned about a potential IRS levy in no way excuses his misuse of his trust account. Clients who place their trust in lawyers should be able to have confidence that their funds are not being used by the lawyer as his or her private domain. Violating this trust by commingling funds and failing to maintain proper records will "place a lawyer's license at risk." *Turpen*, 119 N.M. at 228, 889 P.2d at 836.

Respondent has been before this Court previously for the imposition of professional discipline. In *In re Reid*, 116 N.M. 38, 859 P.2d 1065 (1993), this Court publicly censured respondent for incompetence, failure to communicate adequately with his client, and lack of diligence in pursuing the client's legal matter. Although the prior disciplinary matter did not involve respondent's trust account, we nonetheless find it troubling that respondent is before us again. Repeated instances of professional misconduct by the same attorney, even if unrelated to prior discipline, raise serious issues about the lawyer's overall fitness to practice and the attention, or lack thereof, which the lawyer gives his ethical obligations. These concerns will be reflected in the discipline imposed. In this case, it is solely because no clients have complained of misuse of trust funds that respondent will be required to serve only sixty days of his suspension.

NOW, THEREFORE, IT IS ORDERED that Charles H. Reid hereby is suspended from the practice of law pursuant to Rule 17–206(A)(2) NMRA 1996 for a definite period of two (2) years beginning January 1, 1997;

IT IS FURTHER ORDERED that all but the initial sixty (60) days of the suspension be deferred under the following terms and conditions:

(1) At the expiration of the initial sixty-day suspension from the practice of law (March 2, 1997), respondent shall submit to disciplinary counsel satisfactory evidence demonstrating that he has a full and complete understanding of the requirements set forth in Rule 16–115 of the Rules of Professional Conduct and Rule 17–204 of the Rules Governing Discipline, and that his trust account is in compliance with the requirements of those rules;

(2) Respondent shall remain on probation during the entire deferral period (March 2, 1997—December 31, 1998) under the supervision of a licensed New Mexico attorney selected or agreed to by disciplinary counsel;

(3) As a condition of probation, respondent shall meet with the supervising attorney, as the supervisor deems necessary or advisable. Respondent shall accept instruc-

tion from and comply with all directives of the supervising attorney concerning trust account record keeping and management. Respondent shall demonstrate to the satisfaction of the supervising attorney from time to time as requested by the supervising attorney, that respondent's trust account is in compliance with the requirements of the Rules of Professional Conduct and the Rules Governing Discipline. The supervising attorney shall provide quarterly reports to disciplinary counsel concerning respondent's compliance with the terms of supervision. On or about December 1, 1998, the supervising attorney shall advise disciplinary counsel whether respondent has satisfactorily complied with the supervising attorney's instructions and directives;

(4) As a condition of probation, respondent shall submit to and bear the expense of two audits of his current trust account during the probationary period, conducted at times and by auditors selected or agreed to by disciplinary counsel. If either audit reveals further violations of the Rules of Professional Conduct or the Rules Governing Discipline, disciplinary counsel may seek to have the deferral of his suspension revoked and may file additional charges of misconduct based upon the findings of the audit;

(5) As a condition of probation, respondent shall successfully complete the multistate professional responsibility examination before December 31, 1998; and

(6) As a condition of probation, respondent shall observe all provisions of the Rules of Professional Conduct and Rules Governing Discipline.

IT IS FURTHER ORDERED that respondent shall pay all costs associated with probation, including all fees of the supervising attorney; and

IT IS FURTHER ORDERED that respondent shall pay all costs of the disciplinary proceedings in the amount of $3,214.70 on or before December 1, 1996, with interest accruing thereafter at a rate of eight and three-fourths per cent (8¾%) per year, and

that all costs assessed in this matter shall be reduced to a transcript of judgment.

IT IS SO ORDERED.